THE CHICAGO & NORTH WESTERN RAILROAD COMPANY

*v.*

LEONARD SWETT, Administrator, etc.

1. RAILROAD COMPANIES — *obligations of — when liable for injuries to their servants.* A railroad company is bound to provide suitable and safe materials and structures in the construction of its road and appurtenances, and if, from a defective construction of its road and appurtenances, an injury happen to one of its servants, the company is liable for the injuries sustained.

2. SAME — *what obligations cannot be delegated.* The obligation to provide suitable materials for the safe construction and equipment of its road, cannot be avoided by the delegation of such powers to other persons. The undertaking with its servants is direct, that it will properly and safely construct its road.

3. SAME — *diligence required of.* A railroad company is responsible, under the same circumstances, for the same degree of care on the part of its agents as a master for his servant having direction of his carriage on the highway.

4. SAME — *duty of — in construction of their roads — and in the employment of its servants.* It is the first duty of a railroad company to so construct its road, with all its necessary appurtenances, that its business may be transacted safely. It must use reasonable care in the selection of its rolling stock, and employ competent persons in the management of its business, that no unnecessary risk shall be incurred by any of its servants by reason of unsafe conduct of its trains or want of watchfulness over those in its employment.

5. PRINCIPAL — *action against by a servant for negligence of fellow servant, when will not lie.* The doctrine that an action will not lie by a servant against his principal, for an injury sustained through the default of a fellow servant, applies only to cases where the injury complained of occurs without the fault of the principal, either in the act which *caused* the injury or the *employment* of the person who caused it.

6. RAILROAD COMPANIES — *employees of — not required to know whether road has been safely constructed.* An employee of a railroad company, assisting in the running of its trains, is not required to know whether the road has been safely and properly constructed. That it has been, is the implied undertaking of the company with its servants, and they enter its service in that faith and that it will be kept in safe repair.

7. PLEADING AT LAW — *of the declaration — in an action against a railroad company for negligence in construction of its road.* In an action against a railroad company for the killing of a fireman engaged in the line of his duty, the declaration alleged that the death was occasioned by reason of the original defective construction of a certain culvert on the line of its road, whereby the

45   197
31a  313
45   197
33a  272
33a  414
45   197
134  495
45   197
148  528
45   197
152  461
155  215
45   197
160  628
51a  124
52a  509
45   197
170  114
72a  554
45   197
174  334
174  499
45   197
83a  535
45   197
184  485
45   197
93a  ²215
45   197
97a  ⁹524
45   197
101a  ¹172
45   197
d109a²497
45   197
114a¹⁴159

train was thrown from the track and its servant killed. The defendant demurred. *Held,* that the declaration was good; that the cause of the injury was the act of the company, for which it was liable for the damages sustained.

8. INQUEST — *of damages* — *assessment must be based upon the evidence.* An instruction to the jury upon an inquest of damages, to the effect, that in determining the amount of damages, they must exercise their own judgment from the facts proved, and from their own experience with mankind, is erroneous. The question must be determined upon the evidence alone.

9. SAME. So, also, is an instruction by which the jury are told, that, in estimating the damages, they are not to be limited to the actual present loss that may have been proved, but may also compensate for the relative injury with reference to the future, and may compensate for pecuniary injuries present and prospective. A limit should have been fixed, within which the jury should be confined.

10. DAMAGES — *measure of* — *rule as adopted by this court in cases of negligence, whereby death results.* The rule laid down by this court in the case of the *Chicago & Alton R. R. Co.* v. *Shannon,* 43 Ill. 338, is the proper one, in cases where the death of a person is caused by the wrongful act, default, or negligence of another.

11. FORMER DECISIONS — *concerning rule as to measure of damages.* The cases of the *Chicago & Alton R. R. Co.* v. *Shannon,* 43 Ill. 338; the *Chicago & Rock Island R. R. Co.* v. *Morris,* 26 Ill. 400; and the *City of Chicago* v. *Major,* 18 id. 360, — cited and approved.

12. MEASURE OF DAMAGES — *in ascertaining* — *what questions to be determined.* In such case, it is error for the court to instruct the jury, concerning the *disposition manifested* by the deceased, to contribute to the support of his parent. The sole questions are, did the deceased maintain her? was he bound to do so? and in this respect what loss has she suffered?

13. NEGLIGENCE — *of fellow servants* — *in what cases it cannot be shown.* In an action against a railroad company, for an injury sustained by one of its servants, occasioned by the defective construction of its road, the fact of negligence on the part of a fellow servant of the person injured, cannot be shown.

14. DAMAGES — *in what cases only nominal damages can be awarded.* An instruction to the effect, that if the jury find, that the next of kin of the deceased, were not dependent upon him for support, in whole or in part, then only nominal damages can be given, is correct, on the authority of the case of the *Chicago & R. I. R. R. Co.* v. *Morris,* 26 Ill. 400.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

The facts in this case fully appear in the opinion.

Messrs. GLOVER, COOK & CAMPBELL, for the appellants.

Messrs. HIGGINS, SWETT & QUIGG, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case brought in the Circuit Court of Whiteside county by Leonard Swett, administrator of John J. Fenlon, against the Chicago and North Western Railroad company.

There was a demurrer to the declaration which was overruled, and, the defendants abiding thereby, a jury was called to assess the damages, and they were assessed at $3,400..

To reverse this judgment, the defendants bring the case here by appeal, and make the points, first, that the declaration is defective, and the demurrer should have been sustained; and, second, that the court gave improper instructions to the jury of inquest.

First, as to the declaration, — it contained two counts, the first alleging in substance, that on the 22d of August, 1865, the defendants were in control of a railroad passing through the county of Whiteside, with the locomotives, carriages, etc., running thereon; that Fenlon was employed by defendants as a fireman upon one of its locomotives running on the road; that it was their duty to keep the road and the culverts and bridges, which were part and parcel of the road, in proper repair, so as to prevent accidents to their servants engaged in running its engines and trains over the road, through any defects in the construction of the road, and its culverts and bridges, or want of properly repairing the same; that, not regarding their duty, they did not use proper care and skill in constructing their road, nor in keeping it in repair, but on the contrary, so carelessly, negligently and unskilfully constructed and managed their road, that, by and through their negligence, unskillfulness and improper conduct, their road became, and was left out of repair, the track and rails removed and out of place, etc. That the train of cars which deceased assisted in so operating, was, without any negligence on his part, or other

servants of the defendants, precipitated into a gulf or opening across the track, and he, being then on the train in the discharge of his duties as fireman, was then and there immediately killed.

The second count alleges, as in the first, and that, as such fireman, he was under the direction and control of the defendants in performing his necessary part of the labor of running and operating the locomotive and train of cars thereto attached; that the locomotive was furnished by defendants to Fenlon and others, their servants, to be by them run upon their railway, and over the portion thereof running through Whiteside county, whereby it became the duty of the defendants to have and keep their railway and the culverts, bridges and embankments, part and portion of the same, in a skillful and proper manner, and to have repaired and reconstructed their road and the culverts, bridges and embankments, part and parcel thereof, as often as there was need, or as occasion required, so as to prevent accidents and loss of life happening to their servants through any defect in the construction or in the repairs of the road; that defendants, not regarding their duty in that behalf, did not use due and proper care and skill, either in constructing or in repairing their road and the culverts and bridges of the same, nor in keeping their road, its appurtenances and fixtures, in good order, but, on the contrary, they so carelessly and negligently constructed the culvert and embankment on the road at a certain brook called " Spring brook," and so carelessly and negligently constructed the railway, its fixtures, appurtenances and property there, that, by and through the negligence, unskillfulness and improper conduct of the defendants in that behalf, the railway became out of repair, the track and rails removed and out of place, and the locomotive and train of cars, without any fault or negligence of the deceased, or of his fellow servants on the train, and while he was employed in operating, was violently precipitated into a gulf or opening across the track, and was suddenly and violently stopped, crushed and jammed together, and Fenlon was suddenly thrown from the train and instantly killed; that he had

no knowledge of this defectiveness and insecurity of the road; averring that deceased left next of kin, and that they sustained damage, etc.

That the demurrer admits all the facts in the declaration which are well pleaded, is not controverted. What facts must be considered as well pleaded in these counts, or rather, what fact is not properly pleaded? We look in vain to see. The facts make out a case, not of the nature supposed by appellants, to which the doctrine recognized by this and other courts has been often applied. Those cases hold, that the principal is not liable to one servant for an injury sustained by him in consequence of the negligence of another servant of the same principal, while engaged in the same general business, provided due care was used by the principal in the selection of such servants. *Honner* v. *Ill. Cent. R. R. Co.*, 15 Ill. 550; *Ill. Cent. R. R. Co.* v. *Cox*, 21 id. 20, and cases there cited. In the case of *The Illinois Central Railroad Company* v. *Jewell*, 46 Ill. 99, it was held, a recovery by the administrator of the brakeman, who was killed by the carelessness and recklessness of the engine driver, might be had on proof that the company had not exercised proper care in employing the driver; and there is a class of cases holding, where by the neglect of the superior to repair or keep the machinery of the road in order, by means of which an employee was injured, there should be an averment that the superior had notice of such defects, or that by the exercise of reasonable care, he could have known them. This case proceeds on the ground of the original defective construction of the road and its appurtenances, which is admitted by the demurrer.

It is urged by appellants, that a corporation can only act through agents and employees, and whatever duty the corporation owes the public or its employees, must, from the very nature of things be performed and exercised through the medium of employees.

This is so, in general, and it is well settled the employer corporation is bound to furnish to their servants safe materials and structures. Such an obligation is permanent, and cannot

be avoided by the delegation of the power or authority to any other, or number of persons; for the undertaking with their servants is direct, that they will furnish suitable and safe materials and structures, and properly skilled and careful persons to assist in running the trains. A railway corporation, as we understand it, is responsible under the same circumstances and for the same degree of care on the part of its agents as any master is for a servant having direction of his wagon or carriage on the highway; and so for the wrongful acts and neglects of its servants, done within the scope of their employment, in the same manner and to the same extent, and upon the same grounds that they are, and should be, held to the exercise of ordinary and reasonable care, not only in the selection of all their servants, in the selection of engines and cars, in watching over the arrangements of their trains and putting a competent force upon them, in order that in a business attended with so much danger, no unnecessary hazard shall be incurred by any servant, by reason of unsafe arrangements or want of watchfulness over those in their employment, and most especially that they shall, in the first instance, properly construct their road with all its necessary appurtenances.

The principle, that the master is not responsible for injuries occasioned by one servant to another, is only applicable, as the authorities show, where the injury complained of happens without the fault of the master, either in the act which caused the injury, on in the employment of the person who caused it. *Keegan* v. *Western Railroad*, 4 Seld. 175.

It was held, in the case of *Perry* v. *Marsh*, 25 Ala. 659, that, where a person was employed to work in a perilous service, if the danger belonged to the work which he undertook, or the service in which he engages, he will be held to all the risks which belong to either, but, where there is no danger in the work or service by itself, and the peril grows out of extrinsic causes or circumstances, which cannot be discovered by the use of ordinary precaution and prudence, the employer would be answerable precisely as a third person, if the injury was occasioned by his neglect or want of care. In such a case, the injury would

be outside of the employment, and the employer would, as to such injury, be in fact a third person, and fall within the same rule as to responsibility.

In the case before us, there was no special peril in acting as a fireman, only the general hazard all are subject to on a locomotive or on a train. The peril consisted in the defective construction of the road and its appurtenances, its culverts and bridges, which the fireman could know nothing about, and which he could not have discovered by the exercise of ordinary precaution and prudence; indeed, he was not required to know any thing about that; the implied undertaking of his employers, that the road and culverts and bridges were properly constructed and safe for the passage of trains, was sufficient for him. He embarked in the service on the faith that it was a properly constructed road, and that his superiors were in the exercise of all the diligence necessary to keep it in good repair. The case shows the deceased was not killed by the fault of a fellow servant, but by the carelessness and negligence of the defendants, acting through agents superior to and controling the actions of the deceased. The declaration charges actual fault, in that the road was defective in its construction and not kept in proper repair, and the culverts and bridges also, at one of which, by reason of its defectiveness, Fenlon was killed.

There is no rule better settled than this, that it is the duty of railroad companies to keep their road and works, and all portions of the track, in such repair and so watched and tended, as to insure the safety of all who may lawfully be upon them, whether passengers, or servants, or others. They are bound to furnish a safe road, and sufficient and safe machinery and cars.

For their failure in this, and their employees not knowing the defects, and not contracting with express reference to them, the companies must be held liable for such injuries as their employees may suffer thereby. The demurrer to the declaration was properly overruled.

As to the instructions, we are satisfied they were improper, calculated to confuse and mislead the jury, and should not have been given.

The first instruction told the jury, that it was proper for them to exercise their own judgment as to the amount of damages to which the plaintiff was entitled, from the facts proved and from their own experience with mankind.

This instruction seems to give a license to the jury to be influenced, in their finding, not by the evidence in the cause, but from their own experience with mankind, which they might possess, on the facts proved in the case. The instruction is not entirely intelligible, and should not have been given.

But the second instruction is more objectionable, as being too indefinite, and furnishing no certain rule for the guidance of the jury. They are instructed that they are not limited to the assessment of damages for the actual present loss that may be proved, but they may go further, and compensate for the relative injury with reference to the future; they may compensate for pecuniary injuries present and prospective. What is meant by compensation for the relative injury with reference to the future, we do not clearly understand, and appellee has not enlightened us by any discussion of this instruction. Nor do we comprehend the extent of the last branch of the instruction. What is meant by pecuniary injuries present and prospective? It is not explained, and we fail to perceive the meaning. Some limit, certainly, should have been prescribed within which the jury should be confined. As given, the instruction is too general and indefinite.

The rule laid down by this court in the case of the *Chicago and Alton R. R. Co. v. Shannon*, 43 Ill. 338, is the proper rule in such cases as this.

We there said, if the next of kin are collateral kindred of the deceased, and have not been receiving from him pecuniary assistance, and are not in a situation to require it, only nominal damages can be given, no matter how near such collateral relationship may be. If, on the other hand, the next of kin have been dependent on the deceased in whole or in part for their support, no matter how remote the relationship, there has been a pecuniary loss, for which damages must be given.

So, also, if the deceased was a minor and leaves parents entitled by law to his services.

We further held, that while compensation for pecuniary loss was thus the basis of the action, the exact amount must necessarily be largely left to the jury, to be controlled by the sound discretion of the court, since it is impossible to determine with any certainty the pecuniary value of a life to those who have been dependent on the deceased when living.  But, nevertheless, the pecuniary loss, taking into view all the circumstances, must be kept in view as the only proper basis of the verdict.

In the cases of *The Chicago and Rock Island R. R. Co.* v. *Morris,* 26 Ill. 400, and *City of Chicago* v. *Major,* 18 id. 360, it was held that the measure of damages which the next of kin of the deceased has sustained by the death, is to be determined from the pecuniary loss they have sustained — that nothing is to be allowed by way of *solatium.*

The third instruction is also objectionable, as the disposition the deceased may have had to aid his mother has nothing to do with the case.  The question was, did he help her, was he bound to do so, and what does she lose in this regard by his death?

The instruction asked by the defendants, going to the fact of default on the part of his co-employees, was properly refused, as will be seen from what we have urged in this opinion.

The following instruction for the defendants should have been given, on the authority of the case above cited from 26 Illinois, 400:

"In this case the jury can only find such damages in favor of the plaintiff as the evidence will warrant, by reason of the death of John J. Fenlon, and if they find from the evidence, that the next of kin of said John J. Fenlon were not dependent upon him for their support, in whole or in part, then the jury can only find nominal damages against the defendants."

For the reasons given, the judgment is reversed and the cause remanded, with leave to defendants to withdraw their demurrer and plead to the issue.

*Judgment reversed.*