# JOHN J. PERRY

*v.*

# COLBERT E. RICKETTS.

MASTER AND SERVANT—*injury to the latter through negligence of the former.*
In October, 1869, an employee in a coal mine, while descending the shaft in
a cage, was precipitated to the bottom, a distance of thirty-five or forty feet,
by reason of the breaking of the rope by which the cage was being let
down, and was seriously injured.  In the spring prior to the injury the rope
was old and in bad condition, and was then spliced; and was again spliced
in August and September of the same year.  The employer was then
informed it was unsafe.  The party injured had been employed at the mine
only about twenty days when the accident occurred.  One witness stated
he told him he would be injured if he worked in the mine.  The defect in
the rope could not be detected by ordinary observation: *Held,* the use of
the rope in its unsafe condition was gross negligence on the part of the
employer, and he should respond in damages to his employee for the injury
resulting therefrom.  It was not incumbent on the latter, under the circum-
stances, to notify the former of the defect, which he had but slight oppor-
tunity of knowing, and notice of which had already come to the employer.

APPEAL from the Circuit Court of Woodford county; the
Hon. S. L. RICHMOND, Judge, presiding.

The opinion states the case.

Messrs. CLARK & BAKER and BURNS, for the appellant.

Mr. GEORGE H. KETTELLE, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Appellant owned and operated a coal mine.  For egress and
ingress a rope was fastened to the cage, and thence run over
pullies and attached to an engine.  Appellee was employed as
a miner, and in descending into the shaft the rope broke and
precipitated him thirty-five or forty feet, by means whereof he

was seriously injured. This suit was brought to recover for such injury, and a verdict obtained for $587.33, and judgment rendered thereon. For a reversal the case is brought to this court.

The rope was evidently defective, the injury sufficiently serious to justify the verdict rendered, and hence the case is narrowed to the discussion of a knowledge of the defect, by the parties, and their comparative negligence.

The injury happened on the fifteenth of October, 1869. It was proved that in the previous spring the rope was old and in bad condition, and was then spliced; that it was again spliced in August and September, 1869; that appellant was then informed it was unsafe; and that its condition could not be seen by ordinary observation. One witness also stated that he told appellee he would be injured if he worked in this mine. Such is substantially the evidence, though it is conflicting.

Appellant furnished the necessary machinery to operate the mine, and a competent engineer. The only complaint is of the defective rope. Appellant was his own superintendent, and provided whatever was needed about the business.

Under these circumstances we are asked to apply to this case the rule that one servant cannot recover against the common master for injuries resulting from the negligence of a fellow servant, if proper precaution had been observed in their selection. Such application cannot be made. There is no proof of carelessness on the part of the engineer. He may have been, and probably was, wholly ignorant of the defective character of the rope. The master, on the contrary, was fully informed, and permitted this insecure rope to be used, thus endangering the limbs and lives of his employees. It was his duty, and not that of the engineer, to furnish safe materials. This was his direct undertaking with his servants. The injury was the result of the fault of the master, and not of the negligence of a fellow servant.

It is also urged that the injury was occasioned by the negligence of appellee; that he should have given information of

the condition of the rope, and thus have prevented the accident. He could not have known much about it, as he had been in the employ of appellant for less than twenty days, and the proof shows that the defects could not have been detected by ordinary observation. Neither is it probable that he would hazard life and limb, by a descent into a shaft of the depth of one hundred and fifty feet, with nothing to protect him from serious injury, if not death, save an old and almost rotten rope. Besides, the evidence is that appellant had full information from others, that the rope was unsafe. He knew that it was old, badly worn, and had been spliced three times. The use of it under such circumstances, was gross negligence, from which he should not be relieved on account of any slight carelessness on the part of appellee.

The case is a plain one from the evidence, and properly decided. It is, therefore, unnecessary to discuss the instructions. The judgment is affirmed.

*Judgment affirmed.*