## THE TUDOR IRON WORKS
### v.
## ROBERT WEBER.

*Master and Servant—Personal Injury—Machinery and Appliances—*
*Furnishing of, and Repairs—Vice Principal—Scope of Employment—*
*Comparative Negligence—Contributory Negligence—Assumption of Risk—*
*Fellow Servants—Evidence—Clothing—Damages—Instructions.*

1. An employer must provide suitable and safe machinery, reasonably adapted to perform the work for which it was calculated, and keep the same in proper repair, and is liable for any injury arising through a failure to perform his duty in either respect.

2. A servant intrusted by the master to keep and put machinery in proper condition, is not the fellow servant of one employed to use the same.

3. The question, whether an appliance was properly made or repaired, is for the jury.

4. It is proper to allow the plaintiff, in an action for the recovery of damages for a personal injury, to put on the clothes worn by him when the same occurred, in order to show how the accident happened.

5. In an action of this character, it being alleged that the injury was occasioned through the negligent repair of a coupling, this court holds that the plaintiff was justified in assuming the same to be in proper condition, and declines to interfere with a verdict in his behalf.

[Opinion filed April 4, 1889.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. MARSHALL W. WEIR, for appellant.

"The principle deducible from the cases generally is, that if the plaintiff, by the exercise of ordinary care and prudence, could have avoided the consequences of the defendant's negligence, and fails to do so, he can not recover. Indeed it is a fundamental principle that the plaintiff can not recover in any case for an injury occasioned by negligence merely, which would have been avoided by the exercise of ordinary care and prudence on the part of the plaintiff himself." Abend v. T. H. & I. R. R. Co., 3 Ill. at page 210; Meyers v. I. & St. L.

Ry. Co., 113 Ill. 386; Pennsylvania Co. v. Lynch, 90 Ill. 333; Simmons v. Chicago & Tomah R. R. Co., 110 Ill. 340, and numerous other cases that might be cited.

In the Lynch case the court, in the opinion, quotes approvingly the principle that the mere relation of master and servant can never imply an obligation on the part of the master, to take more care of the servant than the servant may reasonably be expected to take of himself; and re-affirms the familiar doctrine that the servant himself must use due care and caution to avoid injury. Calumet Iron & Steel Co. v. Martin, 115 Ill. 368, and authorities cited.

A party who voluntarily exposes himself to a danger that he knows, or by reasonable attention to the means might know, assumes all the risks and is absolutely barred a recovery for any injury resulting from it, even as against one whose negligence created it. Such voluntary exposure is necessarily incompatible with the exercise of ordinary care for his own safety, which is essential to a cause of action. Chicago & Tomah R. R. Co. v. Simmons, 11 Ill. App. 147, and the numerous cases cited.

It is a settled principle of law that an employer is not bound to furnish for his workmen the safest machinery, nor to provide the best methods for its operation, in order to save himself from responsibility from accidents resulting from its use. The machinery is not required to be the best or most improved kind, or to be absolutely safe. If it be of an ordinary character, and such as can, with reasonable care, be used without danger to the employe, it is all that can be required of the employer. Camp Point Mfg. Co. v. Ballou, Adm'r, 71 Ill. 417; C. R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 41, and authorities cited.

Mr. W. S. HAY, for appellee.

1. It is the duty of the master to provide suitable and safe machinery, reasonably well adapted to perform the work to which it is devoted, without endangering the lives or limbs of those employed to operate it. This is a continuing duty and the master is bound to use care, skill and prudence in both

selecting and maintaining machinery and appliances, and for a negligent omission of this duty he is answerable to a servant injured by the omission. Woods' Master and Servant, 686; 2 Thomp. on Neg., 972; Whart. on Neg., Sec. 211; C. & N. W. R. R. Co. v. Swett, Adm'r, 45 Ill. 202; I. C. R. R. v. Phillips, 49 Ill. 237; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 284; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 314; T. W. & W. Ry. Co. v. Fredericks, 71 Ill. 296; C. & N. W. R. R. Co. v. Taylor, 69 Ill. 465; Schooner Norway v. Jensen, 52 Ill. 381; Perry v. Ricketts, 55 Ill. 235; C. & A. R. R. Co. v. Sullivan, Adm'x, 63 Ill. 295; C., B. & Q. R. R. Co. v. Avery, 109 Ill. 322.

2. A servant assumes the ordinary risks of the service he undertakes. The negligence of fellow servants is one of such ordinary risks, but the negligence of a servant to whom the master has intrusted the duty of keeping the machinery and appliances in a safe and suitable condition is not one of the risks assumed by the servant. Where the duty is one owing by the master, and he intrusts its performance to an agent, the agent's negligence is that of the master. As the master is charged with the imperative duty of providing safe and suitable appliances, this duty he must perform, and if he intrusts it to an agent, and the agent performs it in his place, the agent's act is that of the master. Woods' Master and Servant, Sec. 438; 2 Thomp. on Neg., 1032; Wharton on Neg., Sec. 222; C. & N. W. Ry. Co. v. Swett, Adm'r, 45 Ill. 202; C., B. & Q. R. R. Co. v. Avery, 109 Ill. 322; Indianapolis R. R. Co. v. Flannigan, 77 Ill. 365; C. & A. R. R. Co. v. Sullivan, Adm'x, 63 Ill. 295; C. & N. W. R. R. Co. v. Jackson, 55 Ill. 496; Indiana Car Co. v. Parker, 100 Ind. 181; Snow v. Housatonic R. R. Co., 8 Allen, 441; Shanny v. Androscoggin Mills, 66 Me. 420; Corcoran v. Holbrook, 50 N. Y. 517; Fuller v. Jewett, 80 N. Y. 46.

3. Servants have a right to assume that the master will perform his duty in furnishing safe instruments and keeping them in repair. Kane v. Smith, 89 N. Y. 375; Muldowney v. Ill. Cent. Ry. Co., 36 Iowa, 471; Ill. Cent. Ry. Co. v. Welch, 52 Ill. 186; Perry v. Ricketts, 55 Ill. 234; Cook v.

St. Paul, etc., R. R. Co., 34 Minn. 45; C. & N. W. Ry. Co. v. Swett, 45 Ill. 202; U. S. Rolling Stock Co. v. Wilder, 116 Ill. 100.

4.   Where a servant placed in a position of authority over other servants, directs them to do an act not within the scope of their employment, and which exposes them to hazards and dangers not contemplated in the contract of service, the master is liable for injuries resulting to such servants therefrom. Lalor v. C., B. & Q. R. R. Co., 52 Ill. 403; Mann v. Oriental Print Wks., 11 R. I. 152; Railroad Co. v. Fort, 17 Wall. 553; Berea Stone Co. v. Krafts, 31 Ohio St. 287; Chicago Ry. Co. v. Bayfield, 37 Mich. 205; C., B. & Q. R. R. Co. v. McLallen, 84 Ill. 116; C. & A. R. R. Co. v. May, Adm'x, 108 Ill. 300 and cases there cited; 2 Thomp. on Neg., 1028–1032.

Inasmuch as the servant's duty is obedience, the law indulges his confidence in the judgment and care of his master or superior, and will not ordinarily charge him with negligence for such an act of obedience.   "The servant," says the court (Patterson v. Pittsburgh, etc., R. R. Co., 76 Pa. St. 389–396), "does not stand on the same footing with the master.   His primary duty is obedience and if, when in the discharge of that duty, he is damaged through the negligence of the master, it is but meet that he should be recompensed.   2 Thomp. on Neg., 10; Beach on Con. Neg., 373, and cases there cited.

5.   If an employe is in haste called upon to execute an order requiring prompt attention, he is not to be presumed to recollect a danger or defect so as to avoid it.   It is a question for the jury whether or not the employe was negligent. Wharton on Neg., Sec. 219; Greenleaf v. Ill. Cent. R. R. Co., 29 Iowa, 47; Snow v. Housatonic Co., 8 Allen, 441; Reed v. Northfield, 13 Pick. 98; Railroad Co. v. Fort, 2 Dillon, 259.

6.   That the evidence admitted in behalf of the appellee at the trial, viz., the exhibiting of some of appellee's clothing, was proper.   See Indiana Car Co. v. Parker, 100 Ind. 199, and cases and authorities there cited; also Shanny v. Androscoggin Mills, 66 Me. 428.

7.   A judgment will not be reversed because the court below admitted improper evidence, if sufficient legal evidence

appears in the record to sustain the verdict. Schulz v. Lepage, 21 Ill. 160; Teutonia Life Ins. Co. v. Beck, 74 Ill. 167; Protection Life Ins. Co. v. Foote, 79 Ill. 361; City of Elgin v. Kimball et al., 90 Ill. 356; Lowry v. Coster, 91 Ill. 182; Rockford, R. I. & St. L. R. R. Co. v. Rafferty, 73 Ill. 58; McGregor v. Filer, 69 Ill. 514; Carpenter v. Davis, 71 Ill. 395; St. L. & S. Ry. Co. v. Cloud, 6 Ill. App. 155; Viall v. Goforth, 6 Ill. App. 156.

8. The instruction, which counsel for appellant asserts is faulty, is entirely correct. Sackett on Instructions to Juries, 225; second instruction under "personal injury."

As to the first objection made by counsel for appellant to appellee's instruction, see Village of Sheridan v. Hibbard, 119 Ill. 310.

As to second objection, see Gizler v. Witzel, 82 Ill. 323; Miller v. Balthasser, 78 Ill. 302, and also see one of the cases cited by counsel for appellant to sustain his objection; E. St. L., etc., Ry. Co. v. Frazier, 19 Ill. App. 95.

9. Although an instruction may be objectionable, a judgment will not be reversed for that cause, when, upon the whole record, it appears that the right is with the party in whose favor the instruction was given and that justice has been done. New England Fire Ins. Co. v. Wetmore et al., 32 Ill. 221; Hazen & Lundy v. Pierson & Co., 83 Ill. 241; Wiggins Ferry Co. v. Higgins, 72 Ill. 518; Andes Ins. Co. v. Fish, 71 Ill. 620; Stickle v. Otto, 86 Ill. 161; Cavenny v. Weiller, 90 Ill. 158; Stobie et al. v. Dills, 62 Ill. 432; Board of S. Logan Co. v. People ex rel., 17 Ill. App. 49; Stallings et al. v. Board T., 6 Ill. App. 165; Taylor v. O. & O. River R. R. Co., 10 Ill. App. 311; Burling, Adm'x, v. I. Cent. R. R. Co., 85 Ill. 18; Parker v. Fisher & Co., 39 Ill. 164; Miller v. Balthasser, 78 Ill. 302.

PHILLIPS, J. Appellee brought suit against appellant to recover for personal injuries received on the 8th day of December, 1886. The declaration contains four counts. The first count alleges that plaintiff was working as a laborer in defendant's mill; that a certain coupling in the mill was so

negligently repaired that it was left in an unsafe and danger-
ous condition; that plaintiff not knowing that fact, being
ordered by the foreman, who gave no warning of danger, to
oil certain journals, and whilst doing so was caught by the
bolts of the coupling and injured.

The other three counts are similar, and aver plaintiff was
employed to do yard work or as laborer, and being inex-
perienced in oiling machinery, was not aware of the danger,
and the foreman knowing the danger did not warn him and
he was injured.

A trial was had in the Circuit Court of St. Clair County,
and a verdict was rendered for $2,000. A motion for new
trial entered by appellant was overruled, and the appellant
prosecutes an appeal to this court. Appellant assigns as
error and in argument relies on:

1.  The court refused to permit appellant to give proper
testimony to the jury in cross-examination of appellee.

2.  The court admitted improper testimony for appellee.

3.  The jury were improperly instructed.

4.  The verdict was contrary to the evidence.

5.  The court erred in overruling motion for new trial.

The assignments of error will be considered in the order
named.

First, under the second, third and fourth counts, the allega-
tions are that appellee was a laborer employed to do yard
work, and was inexperienced in oiling the journals of the
shafting, and was ordered to oil a journal near a coupling
which was dangerous, and the foreman who so directed him
to work, knowing the danger, did not warn him. On the
cross-examination the appellee was asked as to his former
employment by this company, and the character of work done,
and whether he had not formerly had experience as an oiler
of this kind of machinery for this defendant. These ques-
tions of appellant were objected to and the objection sus-
tained by the court.

The evidence was pertinent and material, and we see no rea-
son why the answer should not have gone to the jury. But
this fact was clearly and positively shown by appellant's wit-

nesses, and was not sought to be controverted by appellee. The refusal to allow the questions on this point to be answered by appellee, could not injure appellant, and was not such error as would reverse this judgment.

*Second.* The appellant objected to the clothing of appellee, worn at the time of the injury, being exhibited to the jury on the person of appellee. The clothing, being put on by appellee for the purpose of explaining the manner he was caught, would better enable the jury to understand and determine that fact than any description of the clothing could do. It was not an experiment before the jury; it was the explanation and submission of facts to them. In this there was no error.

*Third.* The appellant assigns as error the giving of appellee's instructions, viz.:

1. The court instructs the jury that if, under the evidence and the instructions of the court they find the defendant guilty, then, in estimating the plaintiff's damages, if any are proved, they have a right to take into consideration not only the loss, expenses and immediate damage arising from the injuries received at the time of the accident, but also the permanent loss and damage, if any is proved, arising from any disability resulting to the plaintiff from the injury in question, which renders him less capable of attending to his business, than he would have been if the injury had not been received; provided they do not estimate said damages at a sum greater than fifteen thousand dollars.

2. The court instructs the jury, that if you find the issues in this case for the plaintiff, the form of your verdict may be:

" We, the jury, find the defendant guilty as charged, and assessed the plaintiff's damages at ————".

3. The court instructs the jury, that if they find from the evidence that the plaintiff was himself guilty of some negligence, but that the defendant was guilty of gross negligence contributing to such injury, and that the plaintiff's negligence was slight as compared with the negligence of the defendant, still he may be entitled to recover.

The objection, as insisted, is that these instructions do not require the evidence to show the guilt as alleged in the

declaration or some count thereof; but, if guilty of any neglect, even though not as alleged, the plaintiff would be entitled to recover. We hold these instructions are not obnoxious to the objection interposed. By the first instruction, if the jury find the defendant guilty, that they will find him guilty as charged in the declaration or some count thereof is the necessary inference, and could not be misunderstood by the jury. That part of the instruction which states what may be taken into consideration in assessing the damage, was proper. The second was not misleading and to give it was not error. Village of Sheridan v. Hibbard, 119 Ill. 310; Gizler v. Witzel, 82 Ill. 323; Miller v. Balthasser, 78 Ill. 302.

By the third instruction the rule as to comparative negligence was substantially stated, and it was not error to give the same.

*Fourth.* The controversy on this point must be determined from the preponderance of the evidence, taking into consideration the fact of the finding by the jury. It is the duty of the master to provide suitable and safe machinery, reasonably adapted to perform the work about which the servant is employed who operates it. The master is bound to use proper care and skill in providing and keeping in repair such machinery or appliances. For negligence in the performance of this duty he is liable to a servant injured by such neglect. C., B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; T. W. & W. Ry. Co. v. Fredericks, 71 Ill. 294; C., B. & Q. R. R. Co. v. Avery, 109 Ill. 314; C. & A. R. R. Co. v. Shannon, 43 Ill. 338.

While the negligence of a fellow servant is one of the ordinary risks undertaken by an employe, yet the duty of the master to keep the machinery and appliances in a suitable and safe condition is a duty from the master to the servant who uses the machinery, and one servant intrusted by the master to keep or put the machinery in proper condition is not the fellow servant of one who is employed to use the machinery when in operation. C. & N. W. Ry. Co. v. Swett, Adm'r, 45 Ill. 197; Indpls. R. R. Co. v. Flannigan, 77 Ill. 365; C. & N. W. R. R. Co. v. Jackson, 55 Ill. 492.

In this case the evidence shows the coupling was out of repair; a bolt lost; A servant, sent to repair that coupling,

not having a suitable bolt, one that fitted, used an old bolt not made for the purpose—one that was too long. That was the act of the master in so making the repair. The appellee, who was called upon to oil the journal near that coupling, was not a fellow servant of the one who repaired the coupling. He had a right to assume it was in a proper condition. U. S. Rolling Stock Co. v. Wilder, 116 Ill. 100; Ill. Cent. Ry. Co. v. Welch, 52 Ill. 183; Perry v. Ricketts, 55 Ill. 234.

While the evidence as to whether it was a properly made or repaired coupling was one of fact for the jury, we hold there was sufficient evidence to authorize the jury to find that the injury to appellee resulted from being caught in his clothing by the bolt of the coupling, which projected so as to render it dangerous. They so finding, we do not feel authorized to disturb the verdict. On the contrary, the evidence authorized the verdict.

While it is insisted the appellee was guilty of negligence in oiling the journal—the claim being made, from the manner he was drawn down, that he must have been leaning over the shaft when caught, and therefore negligent on his part—we do not deem it necessary to discuss, as there is no evidence on which to base this claim. The evidence shows the contrary.

*Fifth.* We find no error in the record that would authorize the court to disturb the verdict and grant a new trial, and there was no error in overruling the motion for a new trial. The judgment is affirmed.

*Judgment affirmed.*