51  123
50  299
51  123'
67  621

51  123
93  ¹215
51  123
96  ²291

## The Rice and Bullen Malting Company v. Paulsen.

1.  MASTER AND SERVANT—*Duty of Employer.*—It is the duty of an employer to use reasonable diligence to secure for the use of his employes, safe appliances with which to prosecute their work.

2.  MASTER AND SERVANT—*Rights of an Employe.*—An employe has a right to act upon the theory that his employer has used reasonable diligence to provide safe appliances, and, himself exercising ordinary care, if his attention has not been called to a defect or danger, and the same is not obvious, he is not chargeable with notice of insecurities which could only be discovered by a careful inspection.

3.  FELLOW-SERVANTS—*Notice of Defect in Master.*—If an injury is due to the negligence of a fellow-servant, the master having had notice of the defect from which the accident occurred, the rule that the employe assumes the risk of injury from the acts of fellow-servants, does not apply.

4. CARE AND NEGLIGENCE—*Obligation to Use Reasonable Care Can Not Be Delegated—Fellow-Servants.*—The obligation to use reasonable care in furnishing appliances for the use of employes, is one that can not be delegated so as to absolve the master from responsibility for negligence, and if such care is not used, and the servant is injured because of insufficient and unreasonably insecure appliances, he, having no notice of the defective condition, may recover notwithstanding the defect arose from the negligence of a fellow-servant.

**Memorandum.**—Case. In the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Declaration for personal injuries; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed June 14, 1893.

The opinion states the case.

W. J. DUNNE, attorney for appellant.

No appearance for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellee was injured while working for appellant in the construction of a malt elevator. The circumstances attending his injury were, that in descending from a bin upon which he was at work as a carpenter, he being upon a scaffold, laid down upon it, and holding to the outer plank thereof, endeavored to reach with his feet a ladder below, by which workmen went up and down; that while thus doing, the plank to which he was holding, not being fastened, slipped off and he fell with it, breaking his leg. The scaffold was constructed by appellant for the use of its workmen engaged upon the elevator.

There was evidence that appellant's foreman, on the morning of the accident, had been told that the scaffold was not fit for use, one of the planks having tipped when stepped upon by another employe. It seems to have been constructed not by the carpenters there employed, but by laborers working under the direction of a foreman.

The ladders and scaffolds were built up and placed as the

work progressed. There were inside the bin, upon which plaintiff was at work, iron steps by which he might have descended.

The jury returned a verdict of $1,000 for the plaintiff. Upon this there was judgment, from which this appeal is prosecuted.

It is the duty of an employer to use reasonable diligence to secure for the use of his employes reasonably safe appliances with which to prosecute their work. Wood on Master and Servant, Sec. 229; Shearman & Redfield on Negligence, Sec. 87, 92; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417.

In the present case the master was informed that the platform supplied for the use of the plaintiff was dangerous, while appellee does not appear to have had any notice of its defective condition. True, he might by a careful inspection have ascertained that the plank he took hold of was unfastened, but there was no evidence that impresses us that under the circumstances, a failure so to do was a neglect to exercise ordinary care. An employe has a right to act upon the theory that his employer has used reasonable diligence to provide reasonably safe appliances, and, himself exercising ordinary care, if his attention has not been called to a defect or danger, and the same is not obvious, he is not chargeable with notice of insecurities which could only be discovered by a careful inspection. Wood on Master and Servant, Sec. 332–385; Patterson v. Pittsburg R. R. Co., 76 Penn. St. 389; Fort Wayne R. R. v. Gildersleeve, 33 Mich. 138; Tudor Iron Works v. Weber, 31 Ill. App. 306.

Even if, as is urged, the injury to appellee was due to the negligence of a fellow-servant, the master having had notice of the defect from which the accident occurred, the rule that the employe assumes the risk of injury from the acts of fellow-servants, does not apply. Chicago & N. W. R. R. Co. v. Sweet, 45 Ill. 197; Chicago, C. & I. C. C. R. R. Co. v. Troesch, 68 Ill. 545; Noyes v. Smith, 28 Vt. 59; Pullman Palace Car Co. v. Laack, 41 Ill. App. 34; same v. same, 32 N. E. 285; Chicago Consolidated Bottling Co. v. Miltton, 41 Ill. App. 154, 156.

The obligation to use reasonable care in furnishing appliances for the use of employes, is one that can not be delegated so as to absolve the master from responsibility for negligence in this regard, and if such care is not used, and the servant is injured because of insufficient and unreasonably insecure appliances, he, having no notice of the defective condition, may recover, notwithstanding the defect arose from the negligence of a fellow-servant. Pullman Palace Car Co. v. Laack, *supra;* Tudor Iron Works v. Weber, *supra.*

While it is true that appellee might have descended by the steps inside the bin, it does not appear that such mode of descent had been pointed out to him as the one to use, while it was shown that the way he made use of, was one intended by appellant for his use, and one which appellant knew its employes were making use of.

The court might properly have given some of the refused instructions asked by appellant; yet, taking the instructions given, as a whole, we think that they fairly presented the law applicable to the case; the damages are not excessive, and the judgment of the Circuit Court is affirmed.