Goldie v. Werner.

# Goldie et al. v. Werner.

1. MASTER AND SERVANT—*Duty of Master.*—A master is bound to use reasonable care to see that the appliances furnished for the use of his servants are safe.

2. MASTER AND SERVANT—*Corresponding Duties.*—In construction of a work (in this case a scaffold), the master is bound to exercise reasonable care in selecting the material, while the servant is chargeable only with the knowledge of defects he had, or by the exercise of reasonable care, might have had.

3. MASTER AND SERVANT—*Duty in the Selection of Suitable Material, etc.*—The obligation to use reasonable care in the selection of suitable material for a scaffold, was one which the master could not delegate so as to absolve himself from responsibility for injuries occurring in consequence of a neglect in this regard. Such a duty is personal and can not be shifted to a subordinate, so that it ceases to be that of the master.

4. MASTER AND SERVANT—*Care and Negligence—Knowledge of Defects—Application.*—Appellee, while working for appellant, was seriously injured by the giving way of a scaffold, over which he, with other servants, was carrying a heavy piece of timber. It appeared that the scaffold gave way by reason of a knot in one of the bridging joists. All the evidence in the case tending to show that the appellant had notice of the defect, was that he helped to carry this joist among other timbers for the scaffold. There was no evidence as to what care the appellant had used in selecting materials, and the evidence as to the knot in the joist that broke, which it was shown was easily discoverable upon inspection, was sufficient to warrant a jury in finding that the reasonable care required of the master had not been exercised.

5. DAMAGES—*When Excessive—Remittitur.*—The fact that the jury gave excessive damages is not necessarily evidence that their verdict was the result of passion or prejudice. If the verdict is excessive the law forbids the judge to sanction it. It does not require that he refuse to add his judgment, soberness and experience to the decision of the jury and in so doing award a result more equitable than either setting aside or wholly affirming a verdict.

**Memorandum.**—Action in case for personal injuries. Plea, not guilty; judgment for plaintiff. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the March term, 1893, and affirmed. Opinion filed June 20, 1893.

The opinion states the case.

EDWIN WALKER and ARTHUR J. EDDY, attorneys for appellants.

APPELLEE'S BRIEF, CASE, HOGAN & CASE AND SETH A. CREWS, ATTORNEYS.

A contract of the servant with the master implies that his employer will make adequate provision that no danger will ensue to him. This doctrine has been so frequently asserted by courts of the highest character that it can hardly be considered as any longer open to serious question. Railway Co. v. Herbert, 116 U. S. 648; Ford v. Railway Co., 110 Mass. 240; Railway Co. v. Charless, 51 Fed. Rep. 569; Pullman's Palace Car Co. v. Laack (Ill.) 32 N. E. 285.

We submit as a matter of law, that even if the servant had full knowledge of the unfit character of the scaffold, but acted as he did under the influence of a direct and personal order of the foreman in this case, then the law would still visit the consequence of the negligence on the master. Moline Plow Co. v. Anderson, 19 Ill. App. 420; Machine Co. v. Burandt, 37 Ill. App. 168; Pressed Brick Co. v. Sobkowiak, 38 Ill. App. 540; Lalor v. Railroad Co., 52 Ill. 401; May v. Railroad Co., 108 Ill. 300; Dock Co. v. McMahon, 30 Ill. App. 358; Elevator Co. v. Trude, 41 Ill. App. 257; Wagon Co. v. Kehl, 40 Ill. App. 586.

OPINION OF THE COURT, WATERMAN, J.

Appellee, a carpenter, while working for appellant, was seriously injured by the giving way of a scaffold over which he, in conjunction with a number of other workmen, was carrying a heavy piece of timber.

It is insisted that the judgment in this case can not be sustained, because the plaintiff himself helped to build the platform which gave way.

It is undoubtedly the case that if the plaintiff had notice of the defect from which the injury arose, he can not recover. The platform gave way, either because of a knot in one of the joists, or because of the defective mode of construction adopted.

There was evidence from which the jury might have found that a knot in one of the bridging joists caused the accident; this joist broke beside the knot; indeed, the

weight of the evidence seems to us to be that the platform gave way because of this knot.   There was evidence that the plaintiff himself helped to carry this joist and other timbers for the platform, but nothing beyond this tending to show that he knew of this defect.

The plaintiff had been employed only since eight o'clock of the morning he was injured; the accident happened at about nine.

The joist that broke was a 2 x 12 piece of timber, long and heavy enough so that two men were required to carry it.   The plaintiff denies that he handled it; however this may be, we do not, under the circumstances of the case, feel warranted in saying that he must be presumed, if he helped to carry it, to have known of its defective condition.

A master is bound to use reasonable care to see that the appliances furnished for the use of his servants are safe. Wood on Master and Servant, Sec. 229; Shearman & Redfield on Negligence, Sec. 87–92; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417;   Rice & Bullen Malting Co. v. Paulsen, No. 4766, First District, Ill. App.

The platform, while a temporary affair, was designed to be used, and gave way while being used, by eight or ten men, in carrying over it a heavy girder 9 x 12, and sixteen feet long.

There was no evidence as to what care appellant had used in selecting the materials for this platform, and we think that the evidence as to the knot in the joist that broke, which it was shown was easily discoverable upon inspection, was sufficient to warrant the jury in finding that the reasonable care required of the master had not been exercised.

Appellee's assistance in the construction of the platform seems to have been that of a common laborer; he does not appear to have done anything save to bring timbers and to help carry a heavy girder; while, being, as he was, a carpenter by trade, he may be said to have known in what manner a platform should be constructed, and to have seen how this was put together, we fail to find in the record anything showing that his attention was directed to defects in any of

the materials, or that he was called upon to inspect the same.

Appellant knew the uses to which the platform was to be put, and the necessity that the materials composing it should be sound and suitable; it may be said that appellee, being a carpenter, also knew as to these things; but appellant was bound to exercise reasonable care in selecting his materials, while appellee is chargeable only with the knowledge of defects he had, or by the exercise of ordinary care, might have had.

We do not think that, under the circumstances, ordinary care required that he should inspect the joists placed in this platform, to see if they were free from knots.

It is urged that the master not having been present when the platform was built, the negligence, if any, occurring in its construction was not his, but that of a fellow-servant of appellee.

The obligation to use reasonable care in the selection of suitable material for this platform was one which the master could not delegate so as to absolve himself from responsibility for injuries occurring in consequence of a neglect in this regard. The duty is personal and can not be shifted to a subordinate so that it ceases to be that of the master. Pullman Palace Car Co. v. Laack, 32 Ill. N. E. 285; Tudor Iron Works v. Weber, 31 Ill. App. 306.

The verdict in this case was for $20,000; a remittitur of $12,500 was entered to prevent the granting of a new trial. It is urged that the giving of so large a verdict and the requiring of so great a remittitur, are evidence that the verdict was the result of passion or prejudice, and so regarded by the trial court.

It is not denied that the injuries of appellee are permanent and most serious; he is crippled and disabled for life; the jury were warranted in giving to him a verdict. What sum is a proper compensation for his injuries, is a matter concerning which men and jurors will differ largely. Appellant might, had he seen fit, have had the jury instructed as to the bearing the earning capacity of the plaintiff should have, in

arriving at the damages to which, if any, he was entitled. We do not think that the very large sum arrived at by the jury shows that in their deliberations they were actuated by prejudice or passion. In a certain sense, there is no adequate compensation for such injuries as the plaintiff received. The law tempers justice with mercy. It has regard to human infirmities as well as man's necessities. It forbids the judge to sanction a verdict he deems unjust, but it does not require that he refuse to add his judgment, soberness and experience to the decision of the jury, and so doing, to award a result more equitable than either setting aside or wholly affirming a verdict. *Interest reipublicæ ut sit finis litium.*

We do not think that by the allowance of this remittitur and the judgment entered, appellant has been deprived of any substantial right. See Libby et al. v. Scherman, 146 Ill. 540.

We see no reason for thinking that upon another trial a result more favorable to him would be arrived at.

The judgment of the Superior Court will therefore be affirmed.