### Western Stone Co. v. Valentine Muscial.

1. MASTER AND SERVANT—*Duty of the Master to See that the Place Where he Puts His Servant to Work is Reasonably Safe.*—It is the duty of a master to exercise reasonable diligence to see that the place at which he puts his servant to work is reasonably safe, and he can not excuse or exculpate himself by showing that he did not notice any dangers or that none were obvious to him.

2. SAME—*Duty of the Servant—Risks Assumed.*—The servant is bound to exercise ordinary care for his own safety. Risks which are obvious and incident to his employment he assumes; but he has a right to rely upon the obligation resting upon the master to exercise reasonable care to see that the place in which he is put to work is reasonably safe, although he is bound to take notice and guard against obvious dangers.

3. SAME—*Questions of Fact for the Jury.*—Whether an employer of men has exercised reasonable care to see that his employes worked amid surroundings as safe as with reasonable care they could be made, are questions of fact for the determination of a jury under the instructions of the court.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

A. B. MELVILLE and J. L. O'DONNELL, attorneys for appellant.

M. F. GIRTEN, T. F. CRONIN, A. M. LASLEY and E. MEERS, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

August 22, 1896, appellee was injured while working for appellant in its quarry. Appellee had been at the time of the accident in the employ of appellant but a few days. Nevertheless he had worked in neighboring and similar quarries for a number of years.

The night previous to the accident it had rained, and upon arriving in the morning at the quarry the men saw that during the night mud, clay and gravel had been forced down the face of the bank and fallen into the bottom of the quarry so as to interfere with the work there being done. The quarry faced to the north. It consisted of an excavation the length of which was east and west, terminating at the base of a wall of solid stone ten or twelve feet in height, and above that a bank of clay and gravel sloping upward to a considerable height. It was from this bank of clay and gravel that the washing of the night before had come.

Appellee on the day in question was directed to take a shovel and wheelbarrow and clear away the mud washed down as before stated.

Appellant insists that its foreman on this occasion on arriving at the quarry sent a man to the top of the bank to look along the face for defects, and that the man reported there were no signs of danger and that none were visible to the foreman.

While appellee was loading a wheelbarrow, dirt and gravel slipped from a high bank above, and falling upon him, gave him injuries on account of which this action was brought. At the same time the falling rock and dirt caught the legs of the foreman, who stood a few feet from appellee.

Appellant insists that it had no notice of the danger, and that such danger as existed, and from which the accident occurred, was as obvious to appellee as to any one else, and was one of the risks incident to his employment which he assumed. The burden of furnishing reasonably safe machinery, appliance and surroundings with which and amid

which an employe is to work, rests upon the employer. It is the duty of the employer to exercise reasonable diligence to see that the place at which he puts his servant to work is reasonably safe. The servant is bound to exercise ordinary care for his own safety. Risks which are obvious, and those incident to his employment, the employe assumes; but he has a right to rely upon the obligation of the master to exercise reasonable care to see that the place in which he works is reasonably safe. The servant is bound to take notice of and guard against obvious dangers. For the doing of this he must exercise ordinary care, but he is not obliged to carefully hunt for dangers or critically examine the risks of the work he is set to do.

In the present case it appears that the danger was not such as would have been obvious to an ordinary mechanic, farmer or merchant, and, it is quite apparent, was not obvious to appellee; it was, however, one against which appellant was bound to exercise reasonable care; that is to say, whatever reasonable care required it to do for the purpose of ascertaining whether the place where appellee was put to work was a reasonably safe place, was upon appellant. Whether appellant exercised reasonable care to see that appellee worked amid surroundings as safe as with reasonable care they could be made, were questions for the jury to determine, under the evidence and the instructions of the court.

Appellant contends that it made all the examination which prudence requires and the law demands. Neither the court nor the jury before whom the case was tried agree with appellant as to these matters. Appellee was employed by appellant to go into its quarries that morning and perform for it work. He was not engaged by appellant to critically or otherwise examine his surroundings and determine whether an accident was liable to occur because of the unsafe condition of the bank. His duty to appellant required of him constant attention to the work he was engaged to perform, and he probably paid but little attention to the bank towering above him because of his

reliance upon the care which he understood it was the duty of appellant to exercise. The law in respect to the questions involved in this case has been so frequently stated that it is unnecessary to do more than refer to some of the numerous cases in this State in which it has been enunciated. Chicago & E. I. R. R. Co. v. Heins, 132 Ill. 161; Rice & Bullen Malting Co. v. Paulsen, 51 Ill. App. 123; Goldie et al. v. Werner, 50 Ill. App. 297; S. C., 151 Ill. 551; C. A. P. B. Co. v. Rembarz, 51 Ill. App. 543; C. & E. I. R. R. Co. v. Kneirim, 152 Ill. 458; Ill. Steel Co. v. Schymanowski, 162 Ill. 447.

The distinction between the position as to risks assumed and care to be taken by appellant and appellee at the time and place under consideration is obvious. Appellant's duty in regard to the condition of the bank was an active one. Appellant can not excuse or exculpate itself by showing that it did not notice any dangers—that none were obvious to it. It was bound to do all that reasonable care required to find out whether there were dangers, obvious or otherwise. The case was fairly submitted and the jury properly instructed. Perceiving no error in the record warranting a reversal, the judgment of the Circuit Court is affirmed.

Mr. Justice DIBELL, having presided at the trial of this case in the court below, took no part in its consideration by this court.