The Chicago and Eastern Illinois Railroad Company

*v.*

Mary E. Hines, Admx.

*Filed at Ottawa March 29, 1890.*

1. Pleading—*of the declaration—in action for negligence—charging knowledge on the part of defendant.* In an action against a railway company to recover for a personal injury to one of its servants from its failure to fill the spaces between the ties of its road, in its yard, with cinders or other substance, it is sufficient to allege that it was the duty of the defendant to have filled such spaces. It is not necessary to allege that the defendant knew of such defects in the construction of the tracks, switches, etc.

2. When it is alleged that it was the duty of an individual or corporation to do or not to do a given thing, it is necessarily implied from that allegation that the individual or corporation knew it was his or its duty to do or not to do the given thing, it being fundamental in the law of personal liability for the consequences of action or non-action, that the law charges the individual or corporation with a knowledge of such duty.

3. All accountable persons know what they do or do not do, and it is no more necessary to allege that a corporation knows what it has done or has not done, than it is necessary to allege the same thing in regard to a natural person, for the reason that the acts or non-acts of the servants of a corporation, within the sphere of their duty, are its acts or non-acts.

4. Same—*master and servant—injury to the latter—allegation of servant's knowledge of the dangers of the service.* In an action for a personal injury to a servant, resulting from the alleged negligence of his employer, the allegation in the declaration that the servant used due care, negatives negligence on his part, and, by implication, that he had knowledge of the defects or omissions of duty by reason of which he was injured, and the jury, by finding the master guilty of negligence, impliedly find that the servant had no knowledge of such defects or omissions. Besides, it is a matter of defense that the servant knew of the defects or omissions of duty which caused his injury.

5. Practice—*defects in declaration—how availed of—motion in arrest of judgment.* The general common law rule is, that when a declaration is so defective that it will not sustain a judgment, the objection may be availed of on motion in arrest in the trial court, or on error or appeal.

11—132 Ill.

| | |
|---|---|
| 132 | 161 |
| 38a | 318 |
| 132 | 161 |
| 145 | 556 |
| 132 | 161 |
| 45a | 644 |
| 132 | 161 |
| 49a | 632 |
| 50a | 130 |
| 50a | 166 |
| 52a | 59 |
| 132 | 161 |
| 156 | 16 |
| 158 | 381 |
| 48a | 622 |
| 132 | 161 |
| 51a | 251 |
| 54a | 626 |
| 55a | 328 |
| 57a | 321 |
| 57a | 655 |
| 58a | 195 |
| 132 | 161 |
| 62a | 477 |
| 132 | 161 |
| 64a | 233 |
| 64a | 280 |
| 66a | 356 |
| 132 | 161 |
| 166 | 280 |
| 167 | 542 |
| 67a | 620 |
| 132 | 161 |
| 70a | 418 |
| 132 | 161 |
| 169 | 171 |
| 169 | 280 |
| 170 | 524 |
| 173 | 104 |
| 74a | 25 |
| 132 | 161 |
| 75a | 151 |
| 75a | 351 |
| 132 | 161 |
| 176 | 129 |
| 79a | 55 |
| 132 | 161 |
| 177 | 383 |
| 177 | 384 |
| 132 | 161 |
| 85a | 411 |
| 132 | 161 |
| 185 | 393 |
| 185 | 402 |
| 86a | 91 |
| 86a | 98 |
| 86a | 150 |
| 132 | 161 |
| 92a[12] | 314 |
| e92a | [2]319 |
| 132 | 161 |
| 190 | [1]134 |
| 190 | [10]370 |
| 132 | 161 |
| f96a | [5]205 |
| 96a | [4]291 |
| 96a[12] | 496 |
| 132 | 161 |
| 99a[12] | 385 |
| 132 | 161 |
| 196 | [10]521 |
| 100a | [11]376 |

132    161
102a  $^5$424
132    161
202   $^5$344
104a$^{10}$373
104a$^{10}$374
104a$^{10}$382
132    161
109a$^{11}$549

132    161
110a$^{10}$576

132    161
212  $^{10}$576
113a$^{13}$440
114a   349

132    161
215  $^{10}$431
215   $^1$433
e115a$^4$136
115a$^{11}$542
115a$^{11}$624
115a   627

6. Under that rule, however, the defendant could not move in arrest of judgment in the trial court for insufficiency of the declaration, after judgment overruling his demurrer thereto, presenting the same objection.

7. And the expression in *Stearns* v. *Cope*, 109 Ill. 346, to the effect, that if a declaration is so totally defective as not to support the judgment, the defect may be taken advantage of by motion in arrest, even after a demurrer thereto has been overruled and the defendant has pleaded over, was unnecessary and inadvertent.

8. But under our Practice act, the rule that a defendant can not move in arrest of judgment for the insufficiency of the declaration after his demurrer thereto has been overruled, is more a matter of form than of substance, since, if a count is so defective as not to support the judgment, the court may disregard it, or render judgment thereon for the defendant.

9. While it is not error to refuse a motion in arrest of judgment for insufficiency of the declaration, this court may, on error or appeal, inquire whether the declaration is sufficient to sustain the judgment.

10. DEFECT IN PLEADING—*cured after verdict.* A verdict will aid a defective statement of title, but not a statement of a defective title or cause of action. Where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission will be cured by the verdict.

11. NEGLIGENCE—*master and servant—injury to the latter—from defective machinery—notice.* The burden of furnishing safe machinery, appliances, surroundings, etc., is upon the master, and while he is not to be held liable for defects and dangers of which the servant is fully informed, yet the servant is authorized to rely upon the acts of the master in that respect, and is under no primary obligation to investigate and test the fitness and safety of machinery, surroundings, etc., in the absence of notice that there is something wrong in that respect. This is more especially so where the servant's business requires his attention to other matters.

12. SAME—*knowledge on the part of the servant—presumption.* Unless it shall appear, from the evidence, that a servant injured, while in his master's service, had knowledge of the dangers of the service from the master's neglect of duty, it will not be presumed, as no one is presumed to knowingly incur physical pain and death when he can avoid it, at his discretion.

13. INSTRUCTION—*need not state all the law.* It is not required that the entire law of the case shall be stated in a single instruction. It is, therefore, not improper to state the law as applicable to particular questions, or particular parts of the case, in separate instructions; and if there is no conflict in the law as stated in the different instructions, and all the instructions, considered as a series, present the law applicable to the case fully and accurately, it is sufficient.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Mr. W. H. LYFORD, for the appellant:

In order to entitle a servant to recover damages of his master, caused by defects in the construction of its road, or in its machinery, etc., there should be an averment that the superior had notice of such defects, or might have known them by reasonable care. *Railway Co.* v. *Swett,* 45 Ill. 201; *Railroad Co.* v. *Montgomery,* 15 Ill. App. 205; *Railroad Co.* v. *Platt,* 89 Ill. 141; *Railway Co.* v. *Troesch,* 68 id. 552; *Richardson* v. *Cooper,* 88 id. 274; *Railroad Co.* v. *Michie,* 83 id. 427; *Railroad Co.* v. *Hightower,* 92 id. 139.

The employer is not bound to furnish absolutely safe machinery. He is required only to use reasonable diligence in providing safe machinery. *Simmons* v. *Railroad Co.* 110 Ill. 340; *Manufacturing Co.* v. *Ballou,* 71 id. 421; Shearman & Redfield on Negligence, secs. 87, 92; *Railroad Co.* v. *Clark,* 108 Ill. 113; *Railroad Co.* v. *Smith,* 18 Ill. App. 119; *Pennsylvania Co.* v. *Hankey,* 93 Ill. 580; *Railroad Co.* v. *Munroe,* 85 id. 25.

An employe can not recover for an injury suffered from defective machinery, etc., after he has knowledge of the defects. *Manufacturing Co.* v. *Ballou, supra; Railroad Co.* v. *Barber,* 8 Ohio St. 541; *Hayden* v. *Manufacturing Co.* 29 Conn. 549; *Buzzell* v. *Manufacturing Co.* 48 Me. 113; *Wright* v. *Railroad Co.* 25 N. Y. 562; *Railroad Co.* v. *Bragonier,* 119 Ill. 51.

The declaration showed no right of action. It failed to show that the master had notice of the defects complained of, and were unknown to the servant, and for this reason the judgment should have been arrested. *Thimming* v. *Miller,* 13 Ill. App. 597; 2 Tidd's Pr. 1135; *Kipp* v. *Lichtenstein,* 79 Ill. 358; *Phillips* v. *Dickerson,* 85 id. 11; *Haynes* v. *Lucas,* 50 id. 436.

Messrs. BARNUM, EVANS & BARNUM, for the appellee:

A railway company is bound to furnish a safe road and sufficient and safe machinery for the safety of its servants. *Railway Co.* v. *Swett,* 45 Ill. 201; *Railroad Co.* v. *Welch,* 52 id. 186.

When a matter is so essentially necessary to be proved that had it not been given in evidence the jury could not have given such a verdict, then the want of stating that matter in express terms in the declaration will be cured by the verdict. Gould's Pl. 462; Stephens' Pl. (9th Am. ed.) *148; 1 Chitty's Pl. *673; *Barker* v. *Koozier,* 80 Ill. 206.

It is not the business of the servant to ascertain whether the machinery and structure of the road are defective, but the duty of the company is to keep them in a safe condition. *Porter* v. *Railroad Co.* 60 Mo. 160; 2 Thompson on Negligence, 1012, 1013.

Negligence of the plaintiff's intestate will not be presumed. It is a matter of defense. *Railroad Co.* v. *Clark,* 108 Ill. 117.

The deceased was chargeable with knowledge of obvious conditions, but beyond that, he had a right to assume that the defendant would not, by want of ordinary care, expose him to unnecessary danger. *Connolly* v. *Porlton,* 41 Barb. 366; 41 N. Y. 619; *Noyes* v. *Smith,* 28 Vt. 59; 24 N. Y. 414; *Karn* v. *Smith,* 89 id. 375; *Mehan* v. *Railway Co.* 73 id. 585; *Hawley* v. *Railway Co.* 82 id. 370.

When the nature of the service is such as to require that exclusive attention be fixed upon it, and that he should act with rapidity, it can not be expected the servant should always

bear in mind the existence of the defects. 8 Allen, 441; 75 N. Y. 303; 73 Ill. 236; Wharton on Negligence, sec. 93; *Railroad Co.* v. *Gregory*, 58 Ill. 272; *Railway Co.* v. *Swett*, 45 id. 201; *Dorsey* v. *Phillips & Colby Co.* 42 Wis. 583.

Mr. Justice Scholfield delivered the opinion of the Court:

The only question discussed in the argument prepared by appellant's counsel for this court is, whether appellee's declaration is sufficient to sustain the judgment, though other questions were discussed in the argument prepared by him for the Appellate Court, and copies of that argument are presented to us with the argument prepared for this court.

The action is for negligence resulting in the death of appellee's intestate, who was, at the time of the alleged negligence, in appellant's employ, as a switchman in its yards. Appellant demurred to the declaration, and, upon motion of appellant's counsel, the demurrer was overruled. Appellant then pleaded the general issue. After the verdict of the jury in favor of appellee was returned into court, appellant moved in arrest of judgment because of the insufficiency of the declaration. The court overruled the motion, and that ruling, among others, was assigned for error in the Appellate Court. It was also assigned for error in that court, that the trial court erred in rendering judgment for the plaintiff. Both of these assignments of error are renewed in this court.

The general common law rule is, that where a declaration is so defective that it will not sustain the judgment, the objection may be availed of on motion in arrest in the trial court, or on error in the appellate court. (*Wilson* v. *Myrick*, 26 Ill. 35; *Schofield* v. *Settley*, 31 id. 515; *Haynes* v. *Lucas*, 50 id. 436; *Kipp* v. *Lichtenstein*, 79 id. 358; *Culver* v. *Third National Bank*, 64 id. 532.) An exception to so much of the rule as relates to the trial court is, a party can not move in arrest of judgment in the trial court, after judgment of that

court, upon a demurrer presenting the same objection. (*American Express Co.* v. *Pinckney,* 29 Ill. 392; *Quincy Coal Co.* v. *Hood,* 77 id. 68; *De Wolf* v. *McGinnis,* 106 id. 553; *Independent Order of Mutual Aid* v. *Paine,* 122 id. 625.) There is an expression in *Stearns* v. *Cope,* 109 id. 346, not in harmony with these cases, but the case was decided correctly, and the expression was unnecessary and inadvertent. Under our Practice act, this rule is more a matter of form than of substance, since we have held that, under it, if any counts of the declaration are so defective as not to support the judgment, the court may disregard the faulty counts, or render judgment thereon for the defendant. *Smalley* v. *Edey,* 19 Ill. 211; *The People* v. *Spring Valley,* 129 id. 178.

As a matter of technical practice, it is clear, from the authorities cited *supra,* we can not hold that the circuit court, after having overruled a demurrer to the declaration, erred in not sustaining the motion in arrest. But the record being before us upon error, we may inquire whether the declaration is sufficient to sustain the judgment. In addition to cases cited *supra,* see 2 Tidd's Pr. (4th Am. ed.) p. 1193. The rule is, that a verdict will aid a *defective statement* of title, but will never assist a statement of a *defective title* or cause of action. 1 Chitty's Pl. (7th Am. ed.) 722, *723. And the same author also says: "Where there is any defect, imperfection or omission in any pleading, whether in *substance* or in *form,* which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is *cured by the verdict."* Id. p. 712, *713. See, also, Gould's Pl. sec. 13.

There are two counts in this declaration. In the first, the substantial allegations, omitting the commencement and conclusion, are as follows: "Then and there it became and was

the duty of the said defendant to said John Hines, to keep and maintain its yard in a safe and proper condition, so as not to expose the said John Hines to any unnecessary exposure to danger or liability to accident, and it was then and there defendant's duty to have filled in the space between the ties of its said railroad track with cinders or some other substance, so that in walking in and upon the said track one would not be exposed to unnecessary danger or liability to stumble upon or between said ties; but the said defendant, not regarding its duty in that behalf, then and there permitted its yard to be and remain in unsafe repair and condition, and then and there permitted the ties of its said railroad track to be and remain above the surface of the ground, and the space between the said ties was not filled in with cinders or any other substance, and thereby, then and there, the said John Hines, while coupling cars, as aforesaid, in pursuance of said employment by the defendant, was then and there exposed to unnecessary danger and liability to accident, and then and there, while engaged in coupling cars, on the side-track of the defendant, as aforesaid, and while using all due care and diligence on his part, in the night time, caught his foot between two of the ties of which the side-track was constructed, and then and there, necessarily and unavoidably, tripped and fell through and upon the side-track, and one of the cars of the defendant, which the said Hines was then and there engaged in coupling, then and there passed over the body of said Hines, by means whereof he was then and there killed."    The second count differs from the first in alleging the duty of the defendant to "not leave any space between the ties of its said track and the switch-bar connecting the rails of its side-track," and that the defendant "permitted a wide space between the ties of said track and the switch-bar connecting the rails of said track."    The objections urged to the declaration are, that it is neither averred that the defendant knew of, nor that the plaintiff did not know of, the defects in the construction of the tracks, switches, etc., alleged.

*First*—But it is fundamental in the law of personal liability for the consequences of action or non-action, that the law charges the individual with a knowledge of his duty. Wharton on Negligence, (1st ed.) sec. 412, *et seq.* Hence, when it is alleged that it was the duty of an individual or corporation to do or to not do a given thing, it is necessarily implied from that allegation that the individual or corporation knew that it was its duty to do or to not do the given thing. (Bishop's Non-Contract Law, sec. 526, and cases cited.) So, also, all accountable persons know what they do or do not do; and it is obviously no more necessary to allege that a corporation knows what it has done or has not done, than it is to allege the same thing with regard to an individual, for the acts or non-acts of the servants of the corporation, within the sphere of their duty, are its acts or non-acts. Pierce on Railroads, 277; Bishop's Non-Contract Law, sec. 647; Shearman & Redfield on Negligence, (2d ed.) 68. "Filling in the spaces between the ties" of defendant's railroad tracks with "cinders or some other substance," is an affirmative act. Accepting, as we must, from the allegation, that it was the duty of the defendant to do this affirmative act, its omission was palpably a failure of duty in construction, for which it is liable to the plaintiff. (*Village of Jefferson* v. *Chapman,* 127 Ill. 438.) So, also, the allegation with regard to permitting the space to exist between the ties of the track and the switch-bar connecting the rails, implies knowledge in the defendant, for permitting denotes an assent, either expressly or impliedly.

*Second*—The allegation of due care in the deceased negatives negligence, and, by implication, that he had knowledge of the defects by reason of which he was injured. And so the jury must have found, in finding the defendant guilty, that the deceased was not guilty of contributory negligence. The allegation is therefore sufficient on error, if, indeed, it should be admitted that it would not be so on demurrer. (*Illinois Central Railroad Co.* v. *Simmons,* 38 Ill. 242.) But it is mat-

ter of defense that the deceased had knowledge of the defects through which his injury was received. Unless it shall appear, from the evidence, that he had such knowledge, it will not be presumed, since no one is presumed to knowingly incur physical pain and death, where he can avoid it at his discretion. (See *Chicago and Northwestern Railwag Co.* v. *Coss,* 73 Ill. 394; *Wabash, St. Louis and Pacific Railway Co.* v. *Shacklet, Admx.* 105 id. 364.) There was, therefore, no error in. the ruling of the Appellate Court in holding the declaration sufficient to sustain the judgment.

We find no error in the ruling of the trial court upon any question of law, and we concur in the views expressed by the Appellate Court in regard to the instructions. *Chicago and Eastern Illinois Railroad Co.* v. *Hines, Admx.* 33 Ill. App.

It is not required that the entire law of the case shall be stated in a single instruction, and it is therefore not improper to state the law as applicable to particular questions, or particular parts of the case, in separate instructions; and if there is no conflict in the law as stated in different instructions, and all the instructions, considered as a series, present the law applicable to the case fully and accurately, it is sufficient.

The burden of furnishing safe machinery, appliances, surroundings, etc., is upon the master, and while the master is not to be held liable for defects and dangers of which the servant is fully informed, yet the servant is authorized to rely upon the acts of the master in that respect, and is under no primary obligation to investigate and test the fitness and safety of the machinery, surroundings, etc., in the absence of notice that there is something wrong in that respect. Shearman & Redfield on Negligence (2d ed.) sec. 95; Bishop's Non-Contract Law, sec. 678; *Porter* v. *Hannibal and St. Joseph Railroad Co.* 60 Mo. 16. And, necessarily, much more is the servant entitled to assume that his master has furnished him with suitable and safe materials, machinery and surroundings, and relieved him of investigation and inquiry in that regard, where,

as in the present instance, the performance of his duties requires constancy of attention to other matters. A man whose attention is constantly directed to moving cars, and their coupling and uncoupling, can not possibly give much attention to the ties, switch-bars, etc., over which he may, from time to time, have to pass. If appellant has been wronged by the rulings below, it has been only upon the questions of fact, for which there can be no relief in this court.

The judgment is affirmed.

*Judgment affirmed.*