## Herman Eilenberger v. John L. Nelson.

1. PLEADING—*Sufficient Declaration.*—A declaration in an action for personal injuries which fails to establish a connection between the negligence charged and the injury of which the plaintiff complains is defective as stating no cause of action.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed May 14, 1896.

SIGMUND ZEISLER, attorney for appellant.

WALKER, JUDD & HAWLEY, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

It is assigned for error, and the assignment is relied upon and especially urged in argument, that the declaration does not state a cause of action.

The action was in case, to recover for a personal injury suffered by the appellee through the negligence of the appellant while he, the appellee, was lawfully engaged in his business connected with the building of a certain house, the carpenter work of which was being constructed by the appellant.

As shown by the abstract, the material part of the decla-
ration was as follows :

"Avers that on August 15, 1891, defendants were en-
gaged in doing carpenter work on a certain building, * * *
and by their employes were engaged in laying and causing
to be laid a certain hardwood floor in one of the rooms of
said house; in said floor there were left 'certain holes or
openings' in which it was intended to place registers for
heating purposes; while thus engaged it was customary for
the defendants and their employes to cover the floor with
paper, so as to protect the same against damage.  It was the
duty of the defendants and their employes, in case they laid
paper over said register holes, thus hiding the same, to cover
said holes with boards or some other covering, either above
or below such paper.  'Yet the said defendants, wholly un-
mindful of their duty in this behalf, carelessly and negli-
gently, through their then and there servants and employes,
covered up one of said register holes in said room with paper,
thus hiding the same, but leaving the same wholly unpro-
tected and without any other covering, by means of which
said premises the said plaintiff, who was then and there in
said room and said building, attending to certain business
connected with the building of said house, while using due
care and diligence for his own safety, stepped upon the
paper covering one of said register holes, and broke through
the same and fell, and was then and there hurt,' and suffered
various injuries."

It will be observed that it was alleged there were certain
holes or openings in the floor, and that it was the duty of
defendant in case they laid paper over the same, whereby
the holes became hidden, to cover the holes so hidden with
boards either above or below the paper, yet that, neglectful
of his duty, the defendant covered one of said holes with
paper, thus hiding the same, but leaving the same otherwise
unprotected and uncovered, by means whereof the plaintiff
stepped upon the paper covering one of said holes and broke
through the same and fell, and was hurt.

The allegation that it was customary to cover the floor

with paper must, under the rules that require pleadings to be construed most strongly against the pleader, be treated as an allegation that it was customary to cover the entire floor with paper, and what follows, as an allegation that the floor and all the openings in the floor were covered with paper, and that all but one of the holes were protected.

It is not alleged that the plaintiff fell into the hole that was not protected. The allegation is that he stepped upon the paper covering one of said holes, and broke through the same.

Whether the paper so stepped upon was above boards, which it was the duty of the defendant to place there for protection, or whether there were any boards there or not, is not alleged.

*Non constat* boards were underneath the paper, and then another question would have arisen, as to whether they were sufficient to excuse the defendant. The defendant was only liable for negligence, and it would have been a question of fact whether the boards he had placed over the hole in question were of a kind that would afford him a defense.

The allegation that one of the holes was covered with paper, but left unprotected by boards or other suitable protection, without any allegation that that was the hole into which the plaintiff broke, should be disregarded. It was immaterial how many holes were unprotected, unless it were into one of such that the plaintiff fell and became hurt.

It is quite consistent with the declaration that the hole into which plaintiff broke was one that had been protected and that the injury was not because of the negligence of the defendant.

Whether, if protected, it were so imperfectly done as to render the defendant liable, should have been alleged, and if not protected, it should have been alleged that it was into the unprotected hole that plaintiff fell.

We can not look to the facts that were proved under a declaration, which, on its face, does not state a cause of

action.  C., M. & St. P. Ry. Co. v. Hoyt, 50 Ill. App. 583; C. & E. I. R. R. Co. v. Hines, 132 Ill. 161.

If, as contended by appellee, the facts made out a case, he should have amended his declaration to fit his proof.

We see no escape from reversing the judgment, because, simply, of the failure of the declaration to state a cause of action.

Reversed and remanded.