## Swift & Company v. Willis Wyatt.

1. MASTER AND SERVANT—*Duty of Master as to Appliances and Surroundings.*—It is the duty of a master to exercise reasonable care to furnish reasonably safe appliances and surroundings to his servants.

2. SAME—*In the Absence of Notice, Servant May Presume that Master has Done his Duty.*—A servant may, in the absence of notice, rely upon the presumption that the master has done his duty in the furnishing of reasonably safe appliances and surroundings.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed April 18, 1898.

### STATEMENT OF THE CASE.

The following facts appear, either undisputed, or established by such evidence as warranted the jury in finding them:

Appellant, by Walsh, its foreman, employed appellee to work for it in repairing a viaduct. The viaduct was partially repaired by appellant's employes before appellee was employed and began to work. The viaduct extended from one building to another over an alley-way, and was more than twenty feet above the ground. Beginning at the west side of the alley, a hanging scaffold had been suspended from the viaduct to within sixteen or eighteen feet of the building on the east side of the street. At the time appellee was employed and began to work, these sixteen or eighteen feet

were bridged over by leaning a ladder against the east building, and laying a plank from the end of the hanging scaffold to one of the rounds of the ladder. The ladder was not anchored or fastened in any way to keep the top of it from sliding along the side of the building. Appellee was ordered by Walsh to work under Wilson, as foreman of the gang of men with whom appellee was to work. Wilson, in the presence of Walsh, ordered appellee to go up the ladder and go to work; appellee obeyed and continued to work on the scaffold and plank until he was injured, about three o'clock P. M. of the same day upon which he was employed.

The ladder and plank remained in the same place and condition they were in at the time appellee was hired until he was injured. At the time of the injury the men working on the ground under appellee were raising a pump-log to an upright position under the plank, and it was necessary for appellee to go upon the plank and take hold of a rope attached to the pump-log and assist in raising it to its proper position. When the upper end of the pump-log came within his reach, it became his duty to take hold of it and assist by lifting the pump-log in placing it in its proper position. He was in the act of doing this when the ladder, which was not anchored or fastened in any way, careened to one side, and appellee was thereby thrown to the ground and injured.

The ladder and plank were placed in the position they were in at the time of the injury before appellee was hired, and appellee had no notice that the ladder was not fastened in any way until after he was injured.

John A. Post and Chas. B. Stafford, attorneys for appellant.

Cox, Winslow & Ward, attorneys for appellee; Ashcraft & Gordon, of counsel.

The burden of furnishing safe appliances and surroundings is upon the master, and the servant is authorized to rely upon the presumption that the master has done his

whole duty in that regard until such time as he may have actual notice of the defect or danger and the increased hazard created thereby. Illinois C. R. R. Co. v. Sanders, 166 Ill. 270; National Syrup Co. v. Carlson, 155 Ill. 210; Illinois S. Co. v. Schymanowski, 59 Ill. App. 32; Chicago & A. R. R. Co. v. Scanlan, 170 Ill. 106.

The servant is under no obligation to examine into the fitness and safety of appliances furnished by the master, in the absence of notice that they are unfit or unsafe. Illinois C. R. R. Co. v. Sanders, 166 Ill. 270; Chicago & E. I. R. R. Co. v. Hines, 132 Ill. 161; Cleveland, C., C. & St. L. Ry. Co. v. Walter, 45 Ill. App. 642; Pennsylvania Coal Co. v. Kelly, 156 Ill. 9.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

It is contended by counsel for appellant that a preponderance of the evidence shows that the ladder, the improper and unsafe position of which caused the injury, was placed in such position by appellee and a fellow-servant.

There is a conflict in the evidence as to whether the ladder was in the place in question before appellee began work or was by him and another afterward so placed. But after a careful examination of all the evidence, we think that the jury were justified in finding that the ladder had been placed in its position, without fastening, and the plank laid from it to the swinging scaffold, before appellee was employed and directed to ascend the ladder and work upon the plank. Upon such finding there could arise no question of fellow-servant. It was the duty of the master to exercise reasonable care to furnish reasonably safe appliances and surroundings. Illinois Steel Co. v. Schymanowski, 162 Ill. 447; Illinois C. R. R. Co. v. Sanders, 166 Ill. 270.

Nor can it be maintained that the hazard was assumed. The jury may have properly found from the evidence that appellee was not chargeable with notice of the defect.

The servant may, in the absence of notice, rely upon the presumption that the master has done his duty in the furnishing of reasonably safe surroundings. Chicago & E. I.

R. R. Co. v. Hines, 132 Ill. 161; Pennsylvania Coal Co. v. Kelly, 156 Ill. 9; Illinois C. R. R. Co. v. Sanders, *supra.*

There is no complaint as to the rulings of the trial court. We can not say that the verdict is against the weight of the evidence.    The judgment is therefore affirmed.