## Chicago and Alton Railroad Co. v. George C. Eselin.

1. PLEADING—*In Actions for Personal Injuries.*—In an action to recover for personal injuries, the plaintiff must aver and prove (1) that the defendant was guilty of negligence (or of an omission of duty amounting to negligence), and (2) that the plaintiff exercised due care and caution for his own safety.

2. SAME—*Defects in the Declaration for Personal Injuries.*—If a declaration in an action for personal injuries omits to allege any substantial fact which is essential to a right of action, and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure that defect.

3. PRESUMPTIONS—*After Verdict.*—The court will, after a verdict, presume or intend that the particular thing which appears to be defectively or imperfectly stated or omitted in the pleadings, was duly proved at the trial. And such presumption must arise from the united effect of the verdict, and the issue upon which such verdict was given. On the other hand, the particular thing which is presumed to have been proved must always be such as can be implied from the allegations in the record, by fair and reasonable intendment; and on the other hand, a verdict for the party in whose favor such intendment is made is indispensably necessary.

4. VERDICTS—*What is Aided By.*—A verdict will aid a defective statement of title, but will never assist a statement of a defective title or cause of action.

5. APPELLATE COURT PRACTICE—*Sufficiency of the Declaration.*—The question of whether the declaration discloses a cause of action is always a question open to consideration in a court of review, when it falls within any of the assignments of error.

6. PRACTICE—*Disregarding Defective Counts.*—If one or more of the counts in a declaration are faulty, the defendant may apply to the court to instruct the jury to disregard such faulty count or counts.

7. INSTRUCTIONS—*Disregarding Defective Counts.*—Where there are defective counts in the declaration it is error in the court to refuse to instruct the jury to disregard them.

8. SAME—*Where the Declaration Contains Defective Counts.*—An

instruction which informs the jury that the plaintiff must prove each and every material allegation in the declaration, or some count thereof, before he can recover, is erroneous when the declaration contains defective counts.

9. Amendments—*After Verdicts Presenting New Issues.*—It is not within the province of the trial court to allow an amendment, after verdict, which presents a new issue, to determine which involves the decision of a contested question of fact, and then to at once enter judgment thereon against the objection of the defendant, without submitting such contested question of fact to a jury.

**Action for Personal Injuries.**—Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed November 7, 1899.

T. J. Scofield, attorney for appellant.

In personal damage cases the burden of proof is upon the plaintiff to aver and prove affirmatively that the injured person was in the exercise of ordinary care to avoid injury at the time of the accident. Calumet Iron & Steel Co. v. Martin, 115 Ill. 368; Ill. Cen. R. R. Co. v. Nowicki, 148 Ill. 32; C., B. & Q. R. R. Co. v. Levy, 160 Ill. 384; Kepperly v. Ramsden, 83 Ill. 356; C., B. & Q. R. R. Co. v. Gregory, 58 Ill. 279; C., B. & Q. R. R. Co. v. Gunderson, 74 Ill. App. 358-9.

When a declaration is amended in matters of substance defendant should be permitted to plead *de novo.* Yates v. French, 25 Wis. 661; Gill v. Young, 88 N. Car. 58; Harney v. Applegate, 57 Cal. 205; Green v. Gill, 5 Mass. 379; Stanton v. Kenrick (Ind.), 35 N. E. Rep. 19; Nelson v. Akeson, 1 Ill. App. 165; Harper v. I. C. R. R. Co., 74 Ill. App. 75; Penn. Co. v. Sloan, 125 Ill. 75; Schultz v. Fox, 53 Md. 37.

In the absence of a law or ordinance governing the rate of speed a company may operate a train at any rate consistent with safety of travelers upon the highway and with property entrusted to it for carriage and its employes operating its train. I. B. & W. R. R. v. Hall, 106 Ill. 375; C. & N. W. R. R. v. Dunleavy, 129 Ill. 151; Partlow v. Ill. Cen. R. R. Co., 150 Ill. 321.

JOHN W. BYAM and F. M. BURWASH, attorneys for appellee.

The alleged defect in the declaration is that it failed to allege due care on the part of the plaintiff. This was cured by verdict. Gerke v. Fancher, 158 Ill. 380; B. & O. S. W. Ry. Co. v. Then, 159 Ill. 536.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

The declaration in this case contains three counts. We express no opinion as to the first and second counts.

The third count alleges that the defendant was the owner of and operated a certain railroad, in part in this county, and was the owner of a certain yard used by it in the transaction of its business; that February 12, 1894, plaintiff was in the employ of defendant as fireman on switch engine No. 211; that the trainmaster, who was not a fellow-servant of plaintiff, ordered the train, on which plaintiff was acting as fireman, to go to the upper end of said yard; that to reach the place to where said train was ordered it was necessary for it to cross the main track, owned and operated by the defendant; that the engine on which plaintiff was fireman started with its train of cars to the place where it had been ordered by said trainmaster; that while said engine on which said plaintiff was, as aforesaid, upon said main track, in motion crossing the same, two engines coupled together, and known as a double-header, with a snow plow attached, came along in full motion on said track and struck the engine on which plaintiff was acting as fireman, as aforesaid, with great force and violence, and thereby the plaintiff was thrown out of said engine upon the ground and greatly injured, such injury being stated.

Said third count contains no averment whatever of any negligence or omission of duty by or on the part of the defendant, or any person or persons in its employ or acting for it. In fact, that count makes no reference to, or averment of, any negligence or omission of duty by any one, anywhere, or at any time. Neither does it aver that any

Chicago and Alton R. R. Co. v. Eselin.

duty of any kind rested upon anybody. Hence there is nothing which can be cured by verdict.

Neither is there any averment in said count that the appellee was in the exercise of ordinary care for his own safety.

The verdict of the jury was rendered June 8, 1898. Thereupon appellant filed in said cause its motion for a new trial. July 2, 1898, during the argument upon the motion for a new trial, counsel for appellee moved the court for leave to amend the declaration and each count thereof. Against the objection of appellant, and to which appellant then and there excepted, the court sustained said motion for leave to amend. The same day, July 2d, amendments to each count of the declaration were filed. The motion for a new trial was overruled and judgment upon the verdict entered.

Whether it was error, as urged by appellant, to enter judgment upon the amended declaration without a plea, such amendments having been made after verdict, we shall not here stop to consider. The amendments, however, are not sufficient to cure all the fatal defects in the third count. The lack of any averment that appellee was exercising due care and caution for his own safety is supplied by the amendment, but there is still no averment of any negligence on the part of appellant, or of any duty resting upon it from which any negligence might be inferred, as of any failure on its part to meet every obligation of duty which it owed to appellee.

The law is well settled in this State that in an action to recover for personal injury, the plaintiff must aver and prove (1) that the defendant was guilty of negligence or of an omission of duty amounting to negligence, and (2) that the plaintiff exercised due care and caution for his own safety. When this cause went to the jury there was no averment in said third count of either of these necessary prerequisites to a right of recovery. The defendant might have admitted the truth of every averment in that count, and yet plaintiff would not have been entitled to recover

thereon, and that is true as to said count after it was amended. It was still fatally defective for want of any averment as to negligence on the part of appellant.

"If a declaration omits to allege any substantial fact which is essential to a right of action, and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure that defect." Bowman v. People, 114 Ill. 474, 477.

And the Supreme Court in that case quotes with approval, from Chitty on Pleadings, this:

"The expression cured by verdict signifies that the court will, after a verdict, presume or intend that the particular thing which appears to be defectively or imperfectly stated, or omitted in the pleadings, was duly proved at the trial. And such intendment must arise, not merely from the verdict, but from the united effect of the verdict and the issue upon which such verdict was given. On the one hand, the particular thing which is presumed to have been proved, must always be such as can be implied, from the allegations in the record, by fair and reasonable intendment; and on the other hand, a verdict for the party in whose favor such intendment is made is indispensably necessary."

It certainly can not be successfully contended but that the count in question omits to allege a substantial fact essential to a right of recovery, and which can not be implied or inferred from a finding of those facts which are alleged. Therefore the verdict for the plaintiff does not cure that defect. There is no "united effect of the verdict and the issue upon which such verdict was given," if given upon the count in question.

As very tersely stated in C. & E. I. R. R. Co. v. Hines, 132 Ill. 161, 166, "The rule is that a verdict will aid a defective statement of title, but will never assist a statement of a defective title or cause of action."

Tested by this rule said third count is fatally defective, even after the amendment. This is not for the reason that there is a defective statement of any negligence on the part of appellant, but because there is no statement whatever as to this essential element in a cause of action.

The question of whether the declaration discloses a cause of action is always a question open to consideration in a court of review, when it falls within any of the assignments of error.   (O. & M. Ry. Co. v. Wachter, 123 Ill. 440,443.)

The appellant, by its motion to instruct the jury, its motion for a new trial, its motion in arrest of judgment, and its assignment of errors, has preserved its right to have the sufficiency of the third count to sustain the verdict reviewed by this court.

As before stated, said third count is not sufficient, even as amended, to sustain the verdict in this case.    But there are two other counts in the declaration.   For our present purpose, we assume that they are sufficient to sustain the verdict.

Sec. 50, Ch. 110, Rev. Stat. of Ill., is as follows:

" If one or more of the counts in a declaration be faulty, the defendant may apply to the court to instruct the jury to disregard such faulty count or counts."

The defendant (appellant) applied to the court to instruct the jury as provided in this section of the statute.   The instruction asked for that purpose is as follows:

" 22.   The court instructs the jury to disregard the third count of the declaration."

That instruction the court refused to give.   That was refusing to grant to the appellant a right secured to it by the statute.

At the instance of appellant the court gave to the jury the following instruction, viz.:

" 9.   The court instructs the jury that the requirement of the law that the plaintiff shall prove each and every material allegation in his declaration, or some count thereof, before he can recover, is one of the requirements that is as binding upon you in this case as any other obligation. And even in this case, if you should believe that the testimony is evenly balanced, and that the defendant's testimony is of equal weight to that of the plaintiff, then, under the law and your oaths, your verdict should be for the defendant."

These two instructions must be construed together. When taken together, they would say to the jury that the

plaintiff must prove every material allegation in his decla-
ration, or some count thereof, before he can recover, but the
jury will disregard the third count. In other words, that
would be saying to the jury that if the proof sustains the
material allegations in the first and second counts, or either
one of said counts, then the plaintiff is entitled to recover,
but he can not recover under the third count. The result
is the same as though both these instructions had been
embodied in one and the court had modified that by strik-
ing out the part which pertained specifically to the third
count. That was in effect saying to the jury that, in law,
plaintiff was entitled to recover if each and every material
allegation of the third count was proven.

But as shown, that count, even as amended, simply sets
out what constituted an accident, and only an accident. It
does not assume or pretend to state who caused it, or who,
if any one, was negligent or otherwise at fault. It is not a
sufficient reply to this to say that appellant requested the
court to give said ninth instruction, and therefore it can
not complain. It was asked only in connection with the
twenty-second instruction. The giving of the ninth in-
struction was not asked by appellant, unless the court also
gave the twenty-second. The giving of one without the
other was not instructing the jury as requested, and, if
erroneous, appellant may properly urge the error.

As we have said, the third count, as it was before amend-
ment, was clearly insufficient to sustain a verdict. This
was practically conceded by counsel for appellee when,
upon the argument of the motion for a new trial, they
asked leave to amend, and by leave of court did then and
there amend said count. By the instructions of the court
this jury was told, in effect, that if they believed from the
evidence that appellee had proven all the material allega-
tions contained in the third count, then he was entitled to a
verdict in his favor. A verdict in his favor was returned
by the jury. Whether, as a matter of fact, that verdict was
rendered because the jury found the allegations of the
other counts to be sustained by the proof, or because they

found the allegations of the faulty count, and these only, to be thus sustained, of course does not appear. Whether, as a proposition of law, it will be now presumed that the verdict was based upon the counts assumed to be good, we do not here determine. By the amendment a further and necessary averment of fact was made. Whether this amendment stated the situation correctly was, as appears from the testimony, a contested question of fact. That issue was not presented to the jury. It was not in the case at the time of the trial. It is not within the province of the trial court to allow an amendment, after verdict, which presents a new issue, to determine which involves the decision of a contested question of fact, and then to at once enter judgment thereon against the objection of the defendant, without submitting such contested question of fact to a jury. It is in many cases within the province of the court to allow amendments to the declaration to be made after verdict. But not so where such amendment presents a new issue upon a contested question of fact. In this case there were several other amendments allowed at the same time this one was made, which were proper after verdict.

For the reasons indicated the judgment of the Superior Court is reversed and the cause remanded.