## Western Screw Co. v. Lillie Johnson.

1. VERDICTS—*Will Aid a Defective Statement of a Cause of Action.*—A verdict will aid a defective statement of title or cause of action, but will never assist a statement of a defective title or cause of action.

2. SAME—*Where the Declaration Will Not Sustain a Judgment.*—If a declaration be so defective that it will not sustain a judgment, such objection may be availed of on appeal or error in the Appellate Court.

3. MASTER AND SERVANT—*Duty of the Master.*—It is the duty of a master to use ordinary and reasonable care to furnish his servant with a safe place for the servant to perform his labor, and any failure to observe such duty is negligence.

4. SAME—*Master Not an Insurer.*—The master is not an insurer against accident but only liable if guilty of negligence.

5. DAMAGES—*$3,000 Not Excessive.*—The plaintiff, a girl between sixteen and seventeen years of age, was at work in the vicinity of a revolving shaft in a factory, and while so engaged her dress was caught by the shaft and torn off her, her ankle bone was broken, and her shin was burned over a space about two and one-half inches by one and one-half inches, and a long-continued suppurated wound followed, leaving a scar and puffiness and swelling. *It was held* that a verdict for $3,000 was not excessive.

**Action in Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed December 5, 1899.

LYMAN M. PAINE, attorney for appellant.

ERNEST SAUNDERS, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The judgment of $3,000 appealed from was rendered upon the verdict of a jury in a suit by appellee to recover damages for an injury to her person.

Appellee worked for appellant in its screw factory, and the duties of her employment required her to stand near a long shaft about two inches in diameter, that revolved about nine inches above the floor.

This shaft extended along under a row of tables, bolted together, upon which stood fourteen machines that shaped

screws. The power that operated the machines was transmitted by the shaft. The top of the tables was two feet and seven inches from the floor, and the conductor or feeder along which the unfinished screws were carried to the dies, was two feet above the tables. The tables were two feet and seven-eighths of an inch wide. The shaft ran under the center, lengthwise, of the tables, and the conductor ran over the center of the tables, directly in a line with the shaft. Appellee's duty was to watch and keep the blank screws moving properly along the conductor, and if any of them got crosswise she would reach up with a little rod and straighten them out so they would be properly fed to the dies.

Appellee, at the time of her injury, was between sixteen and seventeen years of age, and had worked in such employment about two and one-half days. While so engaged her dress was caught by the shaft and torn off her, her ankle bone was broken, and her shin was burned over a space about two and one-half inches by one and one-half inches, and a long continued suppurated wound followed, leaving a scar and puffiness and swelling.

Appellee testified that one of the blank screws got turned in the feeder, and, as she wasn't tall enough, she was obliged to stand on her tiptoes to reach it, and while in that position her dress was caught. Nobody else who testified appears to have seen her at that moment, although another witness testified that to reach the conductor " she had to stand on her tip-toe and reach away over." A " floorman " for appellant, testified that immediately before he heard appellee scream, he saw her " lying across the machine talking to Miss Entwistle "—a girl at work at the opposite side of the machine. The girl alluded to was called in rebuttal and denied that appellee and she were talking together at the time.

Appellant's chief reliance in argument is that the declaration does not state a cause of action. The declaration consists of three counts, abstracted as follows:

" First count. Whereas, July 14, 1895, at Cook county, defendant was owner of a machine, and plaintiff was in the

employ of defendant, and was engaged about the operation of said machine under the direction of a certain foreman of defendant, and it was the duty of defendant to provide a safe place for plaintiff to pursue said employment, yet defendant did not regard its duty, but did not provide a safe place, and said defendant, by its foreman, ordered and directed plaintiff to stand and operate said machine at and near a certain shafting, then and there being attached to said machine at a short distance, to wit, two feet from the floor, and which shaft was revolving at a high rate of speed; and while plaintiff was in the exercise of all due care, and while said shaft was so revolving, and while plaintiff was engaged in the duties of her said employment, the dress worn by plaintiff became entangled with and attached to said shafting, and was wrapped around said shaft, and plaintiff was drawn to said shaft and was violently thrown to the floor under said shafting, and divers bones of her body were broken, to wit, the bone of her right leg, and plaintiff suffered divers internal injuries, and became sick and sore, and so remained for a long space of time, to wit, hitherto, and was hindered from attending to her usual affairs, and did expend divers sums endeavoring to be cured.

Second count. Same as first, with the following additional allegations: Which said shafting was not boxed or otherwise enclosed, and around which the dress of females was liable to become and had previously been wrapped, and injuries had resulted therefrom, of which said defendant had notice and of which plaintiff was ignorant. Was the duty of defendant to provide a safe place and to box or otherwise enclose said shafting, yet defendant did not regard its duty, and did not box or otherwise enclose said shafting.

Third count. Same as first, with the following additional allegations: Plaintiff was a minor, and was inexperienced in the dangers of said employment. Was the duty of defendant to provide a safe place, and to give plaintiff due caution and instruction of the danger of said employment and position; yet defendant did not regard its duty and did not give plaintiff due caution and instruction of the danger of said employment and position."

Probably the declaration is defective by way of omission in its statement of the cause of action, but we do not think it fails to state, though defectively, a cause of action.

The rule laid down by Chitty, and quoted in Chicago & E. I. R. R. Co. v. Hines, 132 Ill. 161, is, in substance, that though a declaration be defective and subject to demurrer,

yet if the issue joined be such as necessarily requires, on the trial, proof of the defectively stated or omitted facts, without which it is not to be presumed the judge would sanction or the jury give the verdict, the defect or omission is cured by the verdict. As otherwise stated by the same writer, a verdict will aid a defective statement of title, or cause of action, but will never assist a statement of a defective title or cause of action. Hines case, *supra.*

The declaration here was not demurred to, but was joined issue upon, and its defects are now sought to be taken advantage of by the motion in arrest of judgment made below, and upon an assignment of error here. If a declaration be so defective that it will not sustain a judgment, such objection may be availed of in the manner pursued. Hines case, *supra.*

But to be so reached, the objection must be because of a failure by the declaration to state a cause of action, for if the declaration be only defective in its statement of the cause of action, such defect has been cured by the verdict.

The particular objection to the declaration, pointed out, is that it alleges the defendant did not provide a safe place for the plaintiff to work in, whereas the law only requires a reasonably safe place to be provided. Manifestly, such is a statement that is cured by the verdict under the rule above referred to, and however obnoxious it may have been to a demurrer, because of being a defective statement of a cause of action, it can not be urged under a motion in arrest, which can reach the declaration only in case that which is attempted to be stated does not constitute a cause of action.

The averred breach of duty, generally stated, being supplemented by a statement of facts alleged as constituting the specific negligence complained of, we fail to see wherein a good cause of action was not stated, or why the motion in arrest of judgment was not properly denied. When facts are alleged which show negligence as matter of law it is not necessary in pleading to characterize them as negligent.

The jury were instructed, in behalf of plaintiff, that "as a matter of law it is the duty of a master to use ordinary

Western Screw Co. v. Johnson.

and reasonable care to furnish his servant with a safe place for the servant to perform his or her labor, and any failure to observe such duty is negligence," etc. Such instruction is not subject to any criticism urged against it.

On behalf of defendant, the jury were instructed that the plaintiff was not an insurer against accident, but only liable if guilty of negligence, and if the defendant provided a " reasonably safe place " for the plaintiff to work in, and if the shafting was located so as to furnish " reasonable protection," and if plaintiff was of sufficient age to understand and appreciate danger, and had been informed, etc., she was not entitled to recover.

We must, therefore, hold that the jury were correctly instructed upon the law in such respects.

It is too plain for discussion that no error was committed in sustaining an objection to the question asked plaintiff, upon her cross-examination, as to whether her opinion would be changed, in a particular respect, if somebody else should appear and testify to a fact differently from what she had done.

It is urged that the damages are excessive. The amount of damages is a question of fact to be determined by the jury, and may not ordinarily be disturbed by a court of review. A physician testified that in his opinion the condition of her leg would never improve, and that it will interfere, if not entirely prohibit, an occupation by her requiring a standing position. The plaintiff testified that when she worked down town in a store her limb or foot swelled so much that she had to walk around the store barefooted, and that it swells " all up " if she walks very much. It is sufficiently disclosed by the record that the girl must make her living in the pursuits of an ordinary working-girl, if at all, and to be debarred from an occupation requiring her to walk or stand much of the time is a very serious loss to her. Observing no indication of passion or prejudice in the verdict, it must stand.

A cause of action was stated, the jury have passed upon the facts, and by necessary intendment of the verdict, have

found that the plaintiff was in proper care for her own safety, and that the defendant was guilty of negligence; and for anything made to appear, there remains nothing for this court but to give effect to the judgment, and it is therefore affirmed.