424        APPELLATE COURTS OF ILLINOIS.

Jarnecki v. Chicago Consolidated Trac. Co., 175 Ill. App. 424.

## Elmer W. Jarnecki, Appellant, v. Chicago Consolidated Traction Company, Appellee.

### Gen. No. 17,603.

1. INSTRUCTIONS—*directory.* An instruction which directs a verdict cannot be aided by other instructions.

2. MASTER AND SERVANT—*instructions.* Where averments in a declaration that defendant allowed electric wires to be out of repair on a car of which plaintiff was conductor, that he was injured thereby, and that he had informed defendant that he had no experience but was not instructed in the care and management of such wires, are supported by evidence, an instruction to the effect that if the jury believe from the evidence and instructions that it was the duty of plaintiff or the conductor of the motor car ahead to inspect the cars and wires thereon to see that such cars and wires were safe, and that they did not so inspect, and that the accident was the result thereof, plaintiff cannot recover, is misleading and erroneous.

3. MASTER AND SERVANT—*when one conductor not fellow-servant of another.* If it is the duty of the conductor of an electric motor car to inspect the electric wiring of the trailer car, the conductor represents the master in the performance thereof and is not a fellow-servant of the conductor of the trailer car.

4. MASTER AND SERVANT—*instructions.* Where in an action for personal injuries there is evidence to support allegations that plaintiff, a conductor on an electric car, was injured because of defects in the electric wiring, and that he stated to defendant that he was without experience but was not instructed, it is error to give an instruction that the burden of proof is on plaintiff to show that he did not know that the wire in question was out of order, and that if from the evidence the jury believe that it was plaintiff's duty to look after his car and to see and report defects, then it was his duty to use ordinary care to see and report the alleged defect in question, and if he failed therein he cannot recover.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed December 3, 1912.

EMERY S. WALKER, for appellant.

FRANK L. KRIETE, for appellee; JOHN R. GUILLIAMS, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This is an action on the case for personal injury sustained by appellant while in the services of appellee as conductor. The declaration consists of four counts. The negligence averred in the first count is that the defendant, appellee, carelessly, negligently and improperly permitted the electric light wire attached to the car on which appellant was conductor, to be and remain in a bad and unsafe condition and out of repair, and not properly kept and maintained, whereby the plaintiff was injured.

The second count charges that the defendant neglected its duty in that it permitted the electric wire to become detached, broken and to remain in bad repair and condition whereby the wire became loosened from its position and hung from the car in a dangerous situation, and that the appellant, plaintiff, informed the defendant that he, the plaintiff, had no experience on electric cars, and that defendant did not notify him of the dangers likely to arise therefrom, and failed to instruct him as it was its duty to do in the proper care and management of such electric wires.

The negligence charged in the third count of the declaration is that the electric wire became loosened from the place where it should have hung in the car and hung from said car in a dangerous situation so that the plaintiff, while upon the car, unavoidably came in contact with the wire while it was in a dangerous and unprotected condition; and in the fourth count, the negligence averred is that the employment was hazardous and that the defendant failed to notify the plaintiff of the dangers of the work.

The evidence tends to show that on the 16th day of August, 1903, plaintiff, appellant, was assigned to duty on a train owned and operated by appellee, made up of an electric motor car and a trailer coupled thereto, and that while upon the rear platform of the trailer in the course of his duty, plaintiff's left hand came in contact with a live wire which was a part of the de-

426     Appellate Courts of Illinois.

Jarnecki v. Chicago Consolidated Trac. Co., 175 Ill. App. 424.

vice in transmitting electricity for lighting from the motor car to the trailer; that this wire had fallen from its fastening on the canopy of the car, and that the insulation as well as the rubber cylinder-shaped apparatus, which usually covered the end of the wire and when in use formed the connection with the wire of the adjoining car, had been pulled off, leaving the end of the wire uncovered and uninsulated; and that while standing on the rear platform of the car and leaning against the dash board, the electric lighting wire fell down from its fastening in the canopy above the platform and came in contact with the left hand of the plaintiff and burned it.

It appears from the evidence that the plaintiff was unfamiliar with the apparatus of an electric car, and had not been instructed as to the use and care of the electric lighting apparatus on electric cars. He was assigned to duty as conductor about 1:15 p. m., and performed his duties on the line running from the "limits" barn to the end of the line in Evanston, where his car was uncoupled from the motor car and was coupled to another motor car. In the course of his employment he appears to have taken trailer car No. 2110 at shortly after five o'clock in the afternoon at the north end of the line at Evanston. From there the car ran south to what is known as the "limits" barn and around the loop at that barn on its return trip north. The coupling of the lighting wire seems to have been made by the conductor of the motor car, by the name of Anderson, the plaintiff not knowing how to make the coupling; he, however, watched Anderson as it was done. The electric current was turned on and the car was lighted on the southbound trip from Evanston. It ran south to the "limits" barn and then commenced its northbound trip. While going north towards Evanston, and shortly after nine o'clock in the evening, the electric wire fell from its fastenings in the canopy of the car for some reason not disclosed by the evidence, and came in contact with plaintiff's hand.

There is evidence in the record tending to show that prior to its fall the wire was looped up in the canopy as was the custom while they were not attached to another car. Whether the rubber plug or connecting apparatus covering the end of the wire was inserted in the socket of the block attached to the roof of the car, does not appear from the evidence. After the accident, the evidence shows that, the rubber cylinder or insulated plug was missing from the wire and the end of the wire, to the extent of a quarter or half inch, had the insulation torn off.

The evidence further shows that prior to taking out the trailer car in question on Sunday, the 16th day of August, 1903, the car had been inspected by the defendant company's inspectors. These trailer cars were used only on Sundays, and the electric lighting apparatus was inspected sometime during the previous week, or on the Sunday morning before the car left the barns at Devon avenue.

The foregoing statement of the pleadings and the evidence is sufficient for the purpose of passing upon the errors assigned upon instructions, and, inasmuch as we have concluded that the judgment must be reversed and the cause remanded for errors in instructions, we do not deem it necessary to state or discuss the evidence in the case further.

It is urged that the court in giving instruction No. 16, at the request of the defendant, committed reversible error; that instruction is as follows:

"If you believe from the evidence in this case, under the instructions of the court, it was the duty of the plaintiff or the conductor on the other car of the train of which plaintiff's car was a part at the time of the accident in question, to inspect the cars of the train and see that such cars and the wires thereon were in safe condition for operation, and that plaintiff or said other conductor did not inspect such cars or wires, and that the accident in question was the result of their failure to properly inspect such cars or wires, if they did fail, then plaintiff cannot recover in this case, and you should find the defendant not guilty."

In our opinion this instruction ignores the case set out in the declaration. It directs a verdict and consequently cannot be aided by other instructions. The instruction omits entirely the case made by the averments in the second count of the declaration to the effect that the plaintiff informed the defendant that he, the plaintiff, had no experience on electric cars, and that the defendant did not notify him of the dangers likely to arise therefrom, and failed to instruct him in the proper care and management of the electric wires, and the testimony in support thereof offered by the plaintiff below. If it was true, as averred in the second count and testified to by the plaintiff, that the plaintiff had no experience on electric cars and knew nothing about electric wires, and so informed the defendant, and the defendant failed to instruct him in their use and management, the plaintiff was incompetent to inspect the cars or wires as stated in the instruction, and could not perform the duty which the instruction contemplates; and yet the instruction told the jury that the plaintiff could not recover if he, or the conductor of the other car, failed to perform that duty. The instruction is also defective in that it makes the plaintiff responsible for the failure of the conductor of the motor car, without instructing the jury that they were fellow-servants, or properly submitting to the jury the question whether they were fellow-servants or not. If under the evidence it was the duty of the conductor of the other car to inspect the trailer car electric wiring, then in the performance of such duty of inspection he would represent the master and was not a fellow-servant of the plaintiff, and his negligence in that respect, if shown by the evidence, would be the negligence of the master, and would not preclude the plaintiff from recovering. We think the instruction is clearly erroneous and misleading. Pennsylvania Coal Co. v. Kelly, 156 Ill. 9; Chicago & E. I. R. Co. v. Hines, 132 Ill. 161.

Error is also assigned upon instruction No. 19,

given at the request of the defendant; that instruction is as follows:

"The court instructs you that the burden of proof is on the plaintiff to show by a preponderance of the evidence in the case that he did not know the electric lighting wire in question in this case was out of order, if you believe from the evidence in the case it was so out of order. If you believe from the evidence in the case that it was his duty to look after his car while it was in his charge, and to see and report any defects in said car, then it was his duty to exercise ordinary care on his part to see and report the alleged defect in the electric lighting wire in question in this case. If you believe from the evidence in the case such was his duty and that he did not exercise ordinary care in looking after that part of his said car and reporting the same to the proper parties then he cannot recover in this case."

We think this instruction is erroneous in that it makes the plaintiff substantially an insurer that he would not overlook by his inspection any defects in the car. Under the averments in the declaration and the proof in this case, the instruction, in our opinion, is inapplicable to the case as made by the pleadings and proof, and was clearly erroneous.

In our opinion, instruction No. 11, given at the request of the defendant, ignores the case of the plaintiff made by his pleadings and by his evidence, and, without regard to what conclusion the jury might arrive upon the evidence as to the plaintiff's lack of experience and knowledge of the electric appliances in use on the car in question, and the dangers incident thereto, instructs the jury that the defendant had a right to assume that he was an experienced conductor and familiar with the method of operating electric motor and trailer cars, and with the dangers incident thereto.

For the errors indicated in the instructions, the judgment is reversed and the cause remanded, it being unnecessary for us to discuss the other questions raised by the assignment of errors.

*Reversed and remanded.*